Joseph L. Torak, Mary Lou Torak, Helen Borkowski and Eugene Borkowski *v.* Board of Adjustment of Upper Merion Township.

Argued February 10, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

■■■■■■■■■■■■■■■■■■■■

*Joseph L. Torak,* with him *E. William Heuser,* for appellants.

*James E. Meneses,* with him *Gregory J. Dean,* for appellee.

OPINION PER CURIAM, May 5, 1971:

The order affirming the Board of Adjustment of Upper Merion Township in denying appellants' request for a variance is affirmed upon the opinion of Judge WILLIAM W. VOGEL, written for the Court of Common Pleas of Montgomery County, reported at 92 Montg. Co. L. R. 136 (1970).

———

CONCURRING OPINION BY JUDGE KRAMER:

The realty involved in this case is an island completely surrounded by the asphalt and concrete of roads, one of which is the Pennsylvania Turnpike. The only building on this one and one-third acre plot is occupied by appellants' restaurant business, which covers about five per cent of the total land area. The remainder is used for parking and other restaurant purposes.

According to the record, the only property owner who could be affected adversely by the granting of the full variance requested would be the neighboring country club, insofar as it too may operate restaurant facilities.

I find the record devoid of any explanation as to the reasons for which the realty in question was zoned "ag-

ricultural", thereby causing appellants' use to become nonconforming.

This case appears to be a classic example of the occasional unfairness of zoning restrictions. It is to be noted that appellants chose the variance route and did not apply for a building permit under the natural expansion doctrine. This doctrine is reviewed and refined in *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A. 2d 506 (1969).

However, a review of the record discloses that neither the Board nor the lower court abused their discretion or committed an error of law, in that the appellants did not meet their burden of proof to support a variance. Therefore, I concur in the result of the majority.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. The Toraks (appellants) own a plot of ground of approximately 58,000 square feet. Upon the ground there exists a restaurant building, including a porch, which occupies approximately 3,821 square feet. The Toraks wish to enclose the porch area (704 square feet) and build an addition to the restaurant of 538 square feet. If the Toraks are allowed to proceed, a restaurant building covering approximately 4,359 square feet on the plot of ground of approximately 58,-000 square feet would result. The new restaurant building would conform to all zoning requirements except that the old restaurant is a nonconforming use and the "new restaurant" would continue to be a nonconforming use.

The expansion requested by the Toraks would be the natural expansion of a nonconforming use and there is absolutely nothing in the record to indicate that such expansion would in any conceivable way adversely affect the community. The plot of ground is surrounded on all sides by major roads and highways. The land

coverage of the new restaurant building after the requested expansion would be less than eight per cent of the total plot.

The right of natural expansion is well recognized. *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A. 2d 506 (1969). The Toraks were denied the right to naturally expand because the Upper Merion Township Zoning Ordinance prohibits more than a twenty-five percent expansion of a nonconforming building. A percentage limitation which relates to the existing nonconforming building and considers no other factors such as ground coverage or adverse effects on neighboring properties is arbitrary and bears no rational relationship to the health, safety and welfare of the community.

It should also be noted that the request of the Toraks for expansion is referred to as a request for a variance. This cannot mean, however, that the usual proof of hardship unique to the land must be found in this case. Regardless of the terminology used, the Toraks requested a building permit to expand and they are entitled to a *natural* expansion of a nonconforming use that does not violate any other zoning controls and does not adversely affect the health, safety and welfare of the community.

The decision of the lower court should be reversed and the building permit should be issued.