## Altemose Construction Company *v.* Zoning Hearing Board.

Argued February 9, 1971, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

H. *Kenneth Butera,* with him *Butera & Detwiler,* for appellant.

J. *Edmund Mullin,* with him *Wisler, Pearlstine, Talone & Gerber,* for appellee.

OPINION BY JUDGE MANDERINO, October 4, 1971:

The Altemose Construction Company is the equitable owner of a triangular piece of industrially zoned land of approximately five acres in East Norriton Township.

On November 8, 1969, Altemose applied to the Zoning Officer of the Township for a building permit to construct an addition to a building presently existing on the tract. On the plan and application which were filed the westerly side yard of the existing building was shown as twenty feet. The submitted proposed addition to the building did not involve the westerly side yard because the proposed addition was on the easterly side of the existing building. Based on the application and proposed plan, the permit was issued and soon after, construction of the addition was begun.

On January 8, 1970, Altemose received an order from the building inspector, partially revoking the permit which had been issued two months earlier, because it was discovered that portions of the addition being constructed varied from the original submitted plan and application. The addition being constructed was not totally on the easterly side of the existing building. A portion of the addition being constructed adjoined the northerly side of the existing building and thus did affect the westerly side yard. Portions of the new addition were only seven and one-half feet from the west-

ern boundary of the land. The inspector, therefore, revoked the permit for all portions of the addition which were closer than twenty feet to the western boundary.

After the revocation, Altemose applied to the Zoning Hearing Board for a variance which was denied. On appeal to the Montgomery County Court of Common Pleas, the Zoning Hearing Board was affirmed. From that decision, an appeal was taken to the Supreme Court and was transferred to the Commonwealth Court pursuant to the Appellate Court Jurisdiction Act (Act of July 31, 1970, P. L. , Act No. 223, 17 P.S. 211.101 et seq.).

Altemose first argues that the order of January 8, partially revoking the permit, was invalid because it was not timely under the Municipalities Planning Code. Section 915 (2) of that Act states in part as follows: "No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges or proves that he failed to receive adequate notice of such approval." (Act of July 31, 1968, P. L. , No. 247, Art. IX, §915, 53 P.S. 10915 (1971). This section obviously does not refer to the present situation. The order of January 8 was merely one demanding compliance with the original plan and application. It did not, in any way, limit or reverse the activity on which the granting of the permit was premised. Nor was the order designed to take away any approval which had actually been given. Approval was given to construct an addition which did not affect the westerly side yard. The order merely attempted to stop the building of a portion of the addition which had never been approved.

The position that Altemose has a vested right to build the addition because of the issuance of the permit is also without merit. A building permit issued, as here, on the basis of one plan, may be revoked as to construction never approved. In *Appeal of Valicenti*, 298 Pa. 276, 148 A. 308 (1929), a building permit was issued by the township building inspector on the basis of an application with an accompanying plan which showed a setback in compliance with the zoning ordinance. When construction began, the building extended well within the area required for setback. When the permit was revoked because of the violation of the ordinance, the applicant argued that he was protected by the original issuance of the permit. The Supreme Court, upholding the right of the building inspector to revoke the permit, stated that: "An examination of the record leads to the belief that Valicenti was not misled as to his rights by any act of the building inspector. Instead, he secured a permit, not by affirmative misrepresentation; but by failing to disclose the fact that any projection within the thirty feet was intended. . . . Certainly, the township authorities are not to be denied the right to impose legal regulations because of continued violation not complained of until discovered." 298 Pa. 276, 148 A. 308 at 311 (1929).

The above reasoning is particularly applicable to the present case. Certainly the township could not be estopped from enforcing the provisions of the zoning ordinance merely because a building permit had been issued on the basis of an erroneous plan.

Altemose also argues that it was entitled to a variance from the side-yard requirement, independent of any reliance on the issuance of the building permit. It is admitted by all parties involved that this plot of land is extremely irregular in shape. However, it should also be noted that Altemose is presently and profitably using this irregularly shaped property as the location

for the manufacture of pre-cast concrete and for an office building. We also note that a building permit was issued and never revoked as to a proposed addition which was about as large as the existing building.

In order to obtain a variance the law is well settled that an applicant must prove (1) the variance will not be contrary to the public interest; *and* (2) unnecessary hardship will result if it is not granted. *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147 (1954), *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914 (1954). Altemose has shown nothing to indicate that the denial of his request for a variance would result in the requisite unnecessary hardship. He is presently using the land in a profitable manner and an approximately 100% expansion was approved. It is true that courts have granted variances from side-yard requirements when a highly irregularly shaped plot of land is involved. *Haas v. Zoning Board of Adjustment,* 403 Pa. 155, 169 A. 2d 287 (1963). However, the majority of those cases dealt with vacant lots which would have to remain virtually vacant to comply with side-yard requirements. In none of the cases did the irregularly shaped plot already house a presently existing and profitable business. Altemose's sole reason for requesting a variance is economic and it is well settled that economic considerations alone are not sufficient grounds on which to grant a variance. *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914 (1954). The Zoning Board did not commit any error of law or abuse of discretion in denying Altemose's application for a variance.

Altemose also points out that there was an unintentional error in the plan and application filed which showed the existing building with a 20 foot westerly side yard. That side yard is actually only 15.5 feet. The Township does not dispute that the westerly side yard of the existing building was 15.5 feet. Altemose

also calls to the court's attention that the 15.5 foot westerly side yard was already in violation of the district's 25 foot side-yard requirement. The lesser side yard existed before a zoning change in the district calling for a 25 foot side yard and was, therefore, nonconforming. It is argued that since the westerly side yard did not conform to the existing 25 foot requirement Altemose is automatically entitled to encroach further and establish a 7.5 foot side yard. The statement of the argument is the answer to the argument. Because an existing side yard is nonconforming cannot give Altemose an automatic right to build an addition which further violates side-yard requirements.

Altemose relies on *Grubb Appeal*, 395 Pa. 619, 151 A. 2d 599 (1959), for his right to build a nonconforming addition in violation of the 25 foot setback. In the *Grubb* case, a variance was allowed for the construction of a proposed addition because the side yards and setbacks of the proposed addition "for all practical purposes" were the same as the existing structures even though the existing structures had side yards and setbacks which were nonconforming. In this case Altemose who had a nonconforming side yard of 15.5 feet wants to create a nonconforming side yard of 7.5 feet. This would go far beyond the *Grubb* case. We do not express any opinion on Altemose's right to a proposed addition with nonconforming side yards of 15.5 feet—the same nonconforming side yard which the existing building had. This is not the variance which Altemose requested.

The order of the court below is affirmed.