Jackson, et al. *v.* York City Zoning Board.

Argued April 4, 1972, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Allen H. Smith,* for appellant.

*Jay V. Yost,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, May 1, 1972:

This is an appeal from an Opinion and Order, dated December 14, 1971, of the Court of Common Pleas of York County, affirming an adjudication of the York City Zoning Board of Adjustment (Board). Rachel

and John H. Jackson (appellants) filed an application with the Zoning Officer of York City requesting issuance of a building permit to "alter" an existing two-car frame garage for use as a "beauty salon." The garage is located to the rear of appellants' residence. The Zoning Officer denied the request and upon appeal to the York City Zoning Board, the action of the Zoning Officer was sustained.

The record discloses that the property is located within an R-3 Zoning District, wherein commercial usages, such as that of a beauty salon, are prohibited. The garage fronts upon an alley sixteen feet in width and in which parking is permitted on only one side. The Zoning Ordinance of the City of York provides for "beauty or similar shop" usage in its C-1 Commercial District. The appellants' garage has been used for the parking of automobiles and for the storage of a boat to the time the application was made.

Section 1113 of the Ordinance provides the procedures for special exception and variance applications.

Section 1401 of the Ordinance provides:

"POWERS. The Board of Adjustment shall have the following powers: . . .

"3. To authorize upon requests for adjustment in specific cases such variance from the terms of this Ordinance as will not be contrary to the public interest where owing to special conditions, a literal enforcement of the provisions of this Ordinance will result in unnecessary hardships, so that the spirit of this Ordinance shall be observed and substantial justice done. . . ."

The record shows that the building permit application, as submitted by the Jacksons, contained therein the handwritten word—"variance." In the course of direct examination, Mrs. Jackson affirmatively stated that a "variance" application was filed. Appellants urge upon this Court the consideration of four issues: (1)

that the proceedings before the Zoning Board were a nullity in that the record fails to indicate that the witnesses were sworn, (2) that the Board was improperly influenced by the testimony of two city officials, who testified at the hearing, (3) that the Ordinance does not adequately define the term "variance" thereby constituting an unlawful delegation of legislative power, and (4) that the existence of a hardship was established on the record.

None of the issues raised by the Jacksons are meritorious. It is true, as counsel for Jacksons argues, that the record is silent as to whether the witnesses were sworn. In answer to this contention, the Chairman of the Zoning Board of Adjustment submitted to the lower court an affidavit stating that the witnesses had in fact been sworn.[1] The lower court did not give much credence to this argument and we are similarly disposed. We hold that the record adequately supports the conclusion that all of the witnesses had been sworn.

Appellants argue that the testimony of two city officials improperly influenced the Board in its adjudication. The record indicates clearly that the City Solicitor testified as an interested private citizen and neighboring property owner and not in his official capacity. In the course of his testimony, he specifically disqualified himself from any participation in the case other than as a witness. The other city official was the Business Administrator of the city, who testified for the record that his work does not involve zoning matters. In the case of *Marino v. Zoning Hearing Board of Harrison Township*, 1 Pa. Commonwealth Ct. 116, 123-25, 274 A. 2d 221, 225 (1971), we held that unless there is positive proof on the record that the public officials

---

[1] We note that appellants were represented at the hearing and before this Court by the same attorney, who admitted to us during oral argument, that he was uncertain as to whether the witnesses had been sworn.

involved improperly interfered with the Board and exercised undue influence, we must presume proper motives on the part of public officials. There is nothing in this record supportive of the allegation of improper conduct on the part of the city officials.

In view of the fact that the requested usage was not permitted under the Zoning Ordinance in the R-3 zoning classification area wherein this property is situate (but was otherwise provided in another zone) and in further view of the fact that the Jacksons applied for a variance and acknowledged this fact on the record, there can be no doubt that the Jacksons were applying for a variance. Appellants' argument based upon confusion has no merit. Section 1401-3, quoted above, clearly sets forth the standard which must be met by a property owner desiring a "variance." The language used in the Zoning Ordinance Section is typical of the language employed in zoning ordinances throughout this Commonwealth. We therefore must reject appellants' contention of an unlawful delegation of legislative power. See Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.    , No. 247, Article IV, Section 603, 53 P.S. 10603. This Court has ruled in several recent cases that there are two general criteria necessary for the grant of a variance under a zoning ordinance. These are: (a) unnecessary hardship upon and which is unique or peculiar to the property involved, as distinguished from hardship arising from the impact of the zoning ordinance on the entire district, and (b) that the proposed variance is not contrary to the public safety, health or general welfare of the community. *See Boyd v. Wilkins Township Board of Adjustment,* 2 Pa. Commonwealth Ct. 324, 279 A. 2d 363 (1971); *Torak, et al v. Board of Adjustment of Upper Merion Township,* 2 Pa. Commonwealth Ct. 48, 277 A. 2d 521 (1971); *Jacobs v. Philadelphia*

*Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 197, 273 A. 2d 746 (1971). We have also held that the burden of proof necessary to qualify a usage for a variance is placed upon the applicant seeking the variance. *See Altemose Construction Company v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A. 2d 781 (1971), and *Boyd v. Wilkins Township Board of Adjustment,* supra. This record, as developed by the Jacksons, is devoid of any evidence which would meet the burden of proving the right to a variance under this Ordinance.

In conclusion, we note that the record made by these appellants in no way supports their arguments before this Court. We affirm the Opinion and Order of the court below.