Drop *v.* Board of Adjustment.

Argued May 5, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John Campfield,* with him *A. C. Scales, Thomas P. Cole, II,* and *Scales and Shaw,* for appellant.

*Robert M. Stefanon,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 7, 1972:

Ronald Drop, appellee, sought a variance for construction of an 8-unit apartment building on a R-2 residentially zoned tract owned by him in North Huntingdon Township, Westmoreland County. After the denial

of his request by the North Huntingdon Township Board of Adjustment, appellee was granted a rehearing before the Board by the Court of Common Pleas of Westmoreland County. The Board again denied the variance, and on appeal the Court of Common Pleas, after a full evidentiary hearing, ordered the Township to grant the variance. Hence this appeal.

Where, as here, the Court of Common Pleas, on appeal from the decision of the Board, takes additional testimony, it must decide the case on its merits. On appeal from that decision, the issue before us is whether the court, not the Board, manifestly abused its discretion or committed an error of law. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970); *Pantry-Quik, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971).[1]

"In considering the merits of this appeal, we bear in mind the following principles which govern the disposition of variance cases: first . . . our scope of review [see above] . . . second, variances should be granted only sparingly and only under exceptional circumstances;[2] third, in order to obtain a variance, the petitioner must prove (1) that the variance will not be contrary to the public interest and (2) that unnecessary hardship will result if the variance is not granted;[3] fourth, a variance will not be granted solely be-

---

[1] As in *Pantry-Quik, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971), the court below has failed to provide this Court with findings of fact as required to facilitate appellate review of that court's decision. However, as in *Pantry-Quik* and *Zoning Hearing Board v. Raymond Konyk,* 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972), the opinion of the court and the uncontradicted evidence in the record provide this Court with sufficient basis for review, so that to remand for compliance with the statutory directives would be unnecessary, costly and time-consuming.

cause the petitioner will suffer an economic hardship if he does not receive one.[4] Especially is a variance not to be granted when the petitioner purchased the property with the knowledge of the existing zoning regulation or when he should have been aware of the zoning regulation."[5] (footnoted citations omitted). *O'Neill v. Zoning Board of Adjustment*, 434 Pa. 331, 334-35, 254 A. 2d 12 (1969). *See also, Torak v. Board of Adjustment of Upper Merion Township*, 92 Montg. Co. L. R. 136 (1970), aff'd per curiam, 2 Pa. Commonwealth Ct. 48, 277 A. 2d 521 (1971).

The record compiled before the court below compels two conclusions: That the appellee failed to demonstrate hardship sufficient to warrant a variance; and, that the appellee purchased the property with knowledge of the existing zoning regulation.

As to the issue of hardship, appellee's own witnesses testified that at least one, if not two, conforming single family dwellings could be built on the tract in question. Their contention was not that conforming usage was unfeasible but only that it was economically "undesirable": that residences on triangular lots like the one in question are "not so easily sold." The undeniable import of this testimony is that the landowner would receive a greater return from his investment if apartments were built. The courts of this Commonwealth have long rejected such economic considerations as sufficient grounds upon which to base the grant of a variance. *Andress v. Zoning Board of Adjustment*, 410 Pa. 77, 188 A. 2d 709 (1963); *DiSanto v. Zoning Board of Adjustment*, 410 Pa. 331, 189 A. 2d 135 (1963); *Altemose Const. Co. v. Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 328, 281 A. 2d 781 (1971); *Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 280 A. 2d 672 (1971); *Cohen v. Philadelphia Zoning Bd. of Adjustment*, 3 Pa. Commonwealth Ct. 50, 276

A. 2d 352 (1971); *Jacobs v. Philadelphia Zoning Bd. of Adjustment*, 1 Pa. Commonwealth Ct. 197, 273 A. 2d 746 (1971); *Torak, supra.*

Secondly, the following excerpt from the cross-examination of the appellee dispels any doubt but that he "purchased the property with knowledge of the existing zoning regulation": "Q. Nothing about that ground as far as topography would stop you from building two-single family dwellings on there, is there? A. Well, I wouldn't want to speculate a house on there. Q. You're talking about financially? A. I wouldn't want to build one on there and try to sell it. Q. You wouldn't want to build one house on there and try to sell it? A. I wouldn't want to build two houses on there and try to sell it because I don't think they'd sell on . . . Q. You knew that when you bought this ground? A. Well, I hadn't planned on building homes on it. I planned on applying for a variance. Q. You didn't apply for a variance, didn't take an option or anything. You went ahead and bought it. A. Right." Drop's knowledge of the zoning restriction of the use of this land when he purchased it effectively bars his assertion of his self-imposed economic hardship as a basis for obtaining a variance. *McClure Appeal*, 415 Pa. 285, 203 A. 2d 534 (1964); *Andress, supra.*

For the foregoing reasons, we must hold that the court below manifestly abused its discretion in factually finding that "the shape and size of this subject property is so unique as to make it difficult to build a single family dwelling on it without creating a hardship on the landowner." In addition, for the court to hold that the hardship which does result from the difficulty to market houses on irregularly shaped lots is sufficient to sustain a variance was an error of law.

In conclusion, we do not agree with the court below that the Township unreasonably discriminated against

the appellee by denying his variance after granting one for apartments on a neighboring tract. The record is replete with testimony that the neighboring tract was unusually sloped and fronted on a major highway. But even without these distinctions, the fact that a variance was granted, maybe even erroneously, for a similar tract does not preclude the municipality from denying a variance that clearly does not conform to the legal prerequisites. The first grant does not cure the shortcomings of the neighboring application. Each must be judged on its own merits. *Spadaro v. Zoning Board of Adjustment,* 394 Pa. 375, 147 A. 2d 159 (1959). Since the appellee has failed to meet the principles governing the disposition of variances, the Order of the court below directing the variance be granted is reversed.