## Bell Savings and Loan Association v. Zoning Hearing Board.

Argued February 9, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Norman C. Henss*, with him *Patricia Burke Henss*, for appellant.

*Anthony R. Semeraro*, with him *Mullray, Ryan & Semeraro*, for appellee.

OPINION BY JUDGE WILKINSON, March 14, 1973:

This is an appeal from the order of the Court of Common Pleas dismissing appellant's appeal from a decision of the Zoning Hearing Board of Springfield Township denying its request for a variance to permit the construction of a drive-in branch office of a savings and loan association. The variance is required because of the lot size, the area being zoned "E" Business, wherein a savings and loan office is permitted.

The record shows that this property contains 9,252 square feet when at least 50,000 square feet are required. It is appellant's position that this lot cannot accommodate a minimum size drive-in savings and loan building and, at the same time, meet the setback requirements and supply minimum parking.

The present use of the property is a nonconforming use of a restaurant which does not have the required lot size, setback, etc.

The matter was heard by the Zoning Hearing Board. It received evidence from both sides and denied the application for a variance. On appeal to the Common

Pleas Court, without taking additional testimony, the court was of the opinion that the record contained sufficient evidence to justify the finding of the Zoning Hearing Board and that the applicant there, appellant here, had not met its burden. Accordingly, the lower court dismissed the appeal. We must affirm that action.

The parties are in substantial accord on the law applicable to these facts. It has been set forth recently by this Court in *Cohen v. Philadelphia Zoning Board of Adjustment,* 3 Pa. Commonwealth Ct. 50, 276 A. 2d 352 (1971); *Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. 119, 280 A. 2d 672 (1971); and *Altemose Construction Company v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A. 2d 781 (1971).

Appellant acknowledges that it has the burden, but asserts it has met that burden. With the exception of a few questions asked by two persons at the hearing in response to an invitation for questions from the Board, the testimony in this case was offered by three witnesses, two for appellant and one individual who came forward to testify against the application. Appellant offered its vice-president and its architect. As would be expected, their testimony went to the business and architectural plans of the appellant and that if the property were to be used as a drive-in savings and loan office, these were the only practical plans to use. They also testified that from the nature of its business and the volume anticipated, sufficient parking and drive-in facilities were available to avoid traffic congestion.

The individual who came forward to testify identified himself as secretary-manager of a competing savings and loan institution located about three-quarters of a mile away.

In response to appellant's direct question of whether he considered the proposed savings and loan office

a competitor, the witness candidly responded: "I most certainly do think it will be." Equally, most certainly, this adverse interest should be considered in appraising the bias of his testimony, but to what extent was for the Board to determine. He testified that the use as a drive-in savings and loan office would create a hazard to safety because of the traffic.

The two vital things that the Board has resolved against the appellant relate to public safety and hardship. On public safety, in Finding of Fact 13, the Board stated: "13. The variance, if authorized, will be detrimental to the public welfare in that the additional 'in and out' traffic ingress and egress of a drive-in bank when added to this busy intersection will not only threaten the safety of the bank's customers but also, will threaten passersby with traffic waiting to be serviced at the bank, together with the hazardous turning movements which must exist for traffic entering this lot from the southbound lane of Woodland Avenue." Although a contrary finding could have been made from this record, there is ample evidence to support this finding.

On hardship, in Finding of Fact 11, the Board stated: "11. There is no showing that the authorization of this variance is necessary to enable the reasonable use of this property." On this point, it seems difficult to support a contrary finding. The evidence shows clearly that there is a going restaurant operating as a nonconforming use on these premises. There is no specific evidence that it is not a successful operation and, indeed, there is the affirmative evidence of the protesting witness that it was "the most popular restaurant in Springfield" and that he has been patronizing it since it was built. Biased as the witness offering this testimony may be, the testimony was not contradicted.

Appellant is on the horns of a dilemma by what would appear to be contradictory positions on the matters of increased hazard and hardship. In the record, appellant asserts that the traffic in and out of the drive-in savings and loan office will not represent an increased hazard since there is as much traffic in and out of the restaurant. If this be true, then the restaurant would appear to be a going operation and there is no hardship.

The lower court, in a clear and able manner, reviewed the evidence and law and concluded that the decision of the Zoning Hearing Board must be affirmed. We agree.

Affirmed.