# The Boulevard Land Corporation *v.* Zoning Board of Adjustment.

Argued February 9, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*John David Egnal,* with him *Michael Egnal,* and *Egnal and Egnal,* P.A., for appellant.

*Steven B. Berger,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 13, 1973:
The Court of Common Pleas of Philadelphia County affirmed the Zoning Board of Adjustment which had

refused Boulevard Land Corporation's (Boulevard) application for a variance.

Boulevard had proposed to construct a one-story retail grocery store-delicatessen, with accessory sign and accessory parking on the premises located at 2910-2914 Cottman Avenue, Philadelphia. The property is zoned "R-5" Residential where such a use is prohibited. It abuts a corner lot zoned "C-2" commercial to the west and a six- unit apartment house to the east. At present, the premises in dispute houses a three-story detached dwelling and a one-story detached garage which is used for tenant occupancy.

The Board, after one hearing and a re-hearing, refused to grant the application for variance. If found that the applicant had not established legal hardship and that the use sanctioned by a variance would be contrary to the health, safety and welfare of the community. No additional evidence was presented to the Court of Common Pleas.

Review by this Court is limited to a determination of whether the zoning board clearly abused its discretion or committed an error of law, the court below having heard no additional testimony. *Zoning Hearing Board, et al. v. Urbano,* 6 Pa. Commonwealth Ct. 297, 294 A. 2d 403( 1972). Myriad are the cases which hold that a variance may obtain only when an applicant proves that in the present zoning posture there exists unnecessary hardship unique or peculiar to the property and that the proposed variance is not contrary to the public health, safety or general welfare. *Jackson v. York City Zoning Board,* 5 Pa. Commonwealth Ct. 271, 290 A. 2d 438 (1972) ; *Altemose Construction Co. v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A. 2d 781 (1971). A variance should be granted only in exceptional circumstances and the burden of proving its need is a heavy one. *Board of Adjust-*

*ment v. Drop,* 6 Pa. Commonwealth Ct. 64, 293 A. 2d 144 (1972).

Testimony by Boulevard's real estate expert before the Board revealed that the value of the property for use as semi-detached houses (permitted uses in "R-5") was $10,000 and that the cost of erecting them would total $29,000 (including the value of the land). He testified further that this cost would not compare favorably with the value of other residences in the immediate area by estimating values of $19,000 to $22,000 on one nearby street and $23,000 to $26,000 on another. He did, however, say that these figures represented the minimum values.

Boulevard also offered the testimony of a traffic expert who said that this property in issue is located on an arterial highway which has an already heavy volume of traffic. He supported his statement by referring to a traffic survey report.

Boulevard's final submission in support of its application consisted of testimony of its tenant who said that the poor physical condition of the building made it expedient that the family locate elsewhere. It is apparent that this testimony was intended to show that the premises were unsuitable for rental.

That was the total of the evidence presented by Boulevard in support of its application for a variance. The evidence in opposition to the application consisted of the testimony of the city district councilman, the state legislator, other residents from the immediate vicinity and the petitions of individuals and neighborhood groups.

Boulevard failed to meet its burden. Although the real estate expert's quotation of value of the cost of a permitted use was higher than the quoted values applied to other neighboring residences it was not so disproportionate as to make the residential use of this

land prohibitive. Economic hardship, short of rendering property practically valueless, does not justify a variance. *Colonial Park for Mobile Homes v. Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 594, 290 A. 2d 719 (1972). Indeed, there is no evidence in this record which would disclose any attempt to sell this property as it is presently zoned. We realize that this is not an absolute necessity in all cases but Boulevard's remaining evidence does not establish that the land cannot reasonably be used as zoned. *See Borough of Ingram v. Sinicrope,* 8 Pa. Commonwealth Ct. 448, 303 A. 2d 855 (1973). Furthermore, the expert testified that a neighboring property had been sold recently for residential use for $29,000 which coincidentally is the quoted value of this property for residential use.

The testimony of the tenant established that at the time of the application, the premises were being used for the purposes for which they were zoned. This represented continuing residential use of the premises. *See DiBello v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 546, 287 A. 2d 856 (1972). That the owner allowed the premises to deteriorate will not work to its advantage in its request for a variance.

Classical opposition testimony followed: The proposed use would increase the danger to passersby, especially to children and the elderly due to traffic ingress and egress; this structure and operation would detract from the residential character of the neighborhood; that passage to a nearby school and to a nearby church would be encumbered and endangered by the automobile traffic generated by the store's patrons; that pollution, emanating from automobiles and from the market's refuse must necessarily disturb the serenity of the neighborhood and finally, the proposed use is not only unwanted but unnecessary to serve the community.

The findings of the Board accepted this evidence and it concluded that the applicant had not (1) demonstrated hardship, (2) had not shown that the use would not be contrary to the general welfare of the community, and (3) that the property could not be used for the purposes for which it was zoned. This Court will not disturb the Board's findings or conclusions since they are supported by ample evidence. *Mobil Oil Corp. v. Zoning Bd. of Adjustment,* 5 Pa. Commonwealth Ct. 535, 291 A. 2d 541 (1972).

The lower court is affirmed.