## McElhenney v. Zoning Board of Adjustment of Jim Thorpe Borough

*Arnold Sousa*, for appellant.

*Thomas W. Durnin*, for appellee.

HEIMBACH, P. J., May 28, 1974.—Pursuant to oral and written stipulation of counsel and testimony taken, the appeal of the above named, and referred to hereinafter as appellant, from the issuance of a permit to Valiant 26 Home Association, Veterans of Foreign Wars, by the zoning officer for the construction of a nonresidential building in a zoned single-family residential area is before us for disposition, with the same effect as though the permit had been issued by the zoning board of adjustment after a public hearing, with all procedural errors and omissions waived.

The undisputed and agreed facts are these:

(1) Prior to the adoption of subject zoning ordinance on March 14, 1968, Valiant 26 Home Association, Veterans of Foreign Wars, purchased a tract of land fronting on West Broadway in the Borough of Jim Thorpe on July 22, 1963.

(2) On February 27, 1973, the zoning officer issued a building permit for the construction of a club house in an area zoned R-2, where the permitted use is a single-family residential and one of the special uses is an "appropriate public use."

(3) That the proposed building and its use will not alter the essential character of the neighborhood nor impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare or injurious to the property or improvements in the vicinity in which the property is located.

The ordinance, at Section 2.111(a), defines "Single-Family dwelling" as:

*"Dwelling, Single-Family.* A detached building, designed for or occupied exclusively by one family".

It is conceded that unless the permit was granted as an appropriate public use under the "Special Use" provision of the ordinance or, in the alternative, as a variance, the appeal of appellant must be sustained.

## DISCUSSION

The Borough argues the permit was properly granted as an appropriate public use, under The Borough Code of February 1, 1966, P. L. (1965) (No. 581) sec. 1202, 53 PS §46202 (58), (59). Section (58) provides:

"Payment of rent for veterans' organizations. By a two-thirds vote of the council, to appropriate annually a sum not exceeding five hundred dollars ($500) to be divided in such amounts as council deems proper to incorporated organizations of American veterans of any war in which the United States was engaged, to be used in the payment of the rent of any building or room or rooms in which such camps or posts have their regular meetings."

Section (59) provides:

"Rooms for veterans' and sons of veterans' organizations. Upon application therefor, to furnish to each organization composed of American veterans of any war in which the United States was engaged and sons of such veterans, a room or rooms in any public building of such borough, sufficient for the meeting of each of such organizations at least once each month; and in the case of municipally owned utilities, to furnish service without charge to such rooms, and also to buildings occupied by organizations of veterans of any war in which the United States was engaged."

The right in a borough to appropriate public moneys for the benefit of veterans' organizations is in recognition of the obligation the general public owes to these men and women who served in the armed forces of the United States during time of war. Such an appropriation, however, when accepted by a veterans' organization, does not impose any obligation on such organization to share the use of the premises with the public. What the court said in White v. Smith, 189 Pa. 222, 228, and cited with approval in Overlook Development Co. v. Public Service Commission, 306 Pa. 43, 49, 50, is controlling and disposes of the borough's contention, viz.:

" 'The essential feature of a public use is that it is not confined to privileged individuals, but is open to the indefinite public. It is this indefinite or unrestricted quality that gives it its public character.' "

**May the permit be sustained as a variance?**

The ordinance provides:

"7.500 VARIANCES

"7.501 *Board May Authorize Variances.* Upon appeal, and after a public hearing, the Board may for a use permitted in the zone district, vary the strict application of any of the requirements of this Ordinance, provided that said variance shall be in the case of exceptionally irregular, narrow, shallow, or steep lots, or other exceptional physical conditions, whereby such strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case. The sole purpose of any variance shall be to prevent discrimination, and no variance shall be granted which would have the effect of granting a special privilege not shared by other property in the same vicinity and zone."

"7.502 *Required Showing for Variances.* No variance in the strict application of any provision of this Ordinance shall be granted by the Board unless it finds special circumstances or conditions, applying to the land or buildings that do not apply generally to land or buildings in the neighborhood, that said circumstance or conditions are such that the strict application of the provisions of this Ordinance would deprive the applicant of the reasonable use of such land or building, that the granting of the variance is necessary for reasonable use of the land or building and that the variance as granted by the Board is the minimum variance that will accomplish this purpose, and that the granting of such variance will not be materially detrimental to the public welfare or injurious to the property or improvements in such vicinity and district in which the property is located."

In interpreting the effect of ordinances, identical, or almost so, with subject ordinance, the guidelines we are to follow have recently been repeated in Surrick v. Upper Providence Township Zoning Hearing Board, 11 Comm. Ct. 607, 613, as follows:

"VARIANCE

"When seeking a variance, an applicant must prove '(a) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (b) that the variance would not have an adverse effect upon the public health, safety or welfare.' Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107, 109-110, 270 A. 2d 616, 617 (1970). 'A variance should be granted only in exceptional circumstances

and the burden of proving its need is a heavy one.' The Boulevard Land Corporation v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 584, 586, 303 A. 2d 234, 235 (1973). An unnecessary hardship can be established: '(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. . . .' Philadelphia v. Earl Scheib Realty Corp., 8 Pa. Commonwealth Ct. 11, 17, 301 A. 2d 423, 426 (1973). 'Mere economic hardship will not support the grant of a variance . . . except where the zoning regulations complained of render the complainant's property practically valueless.' Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board, 5 Pa. Commonwealth Ct. 594, 599, 290 A. 2d 719, 722 (1972)."

We paraphrase what the court said in Surrick, supra, 614:

In applying the above principles to the current situation, we must hold that the borough, through the lips of witnesses for Valiant, failed to carry the heavy burden to warrant a grant of a variance.

Counsel for the borough concedes that there is nothing topographically unique about the subject property and that there is no physical reason why the property could not be put to the permitted use and special uses provided for in the ordinance. It is likewise conceded by counsel that the zoning ordinance does not burden the property with an unnecessary hardship which is unique to this particular property.

Judge Woodring, specially presiding in this county, in The Carbon County Chapter of Pennsylvania Association for Retarded Citizens, Inc. and Carbon Training Center, Inc. v. The Zoning Hearing Board of Lehighton Borough, 4 Carbon 375, properly stated, at page 377:

"The legislative provisions of the ordinance are entirely consistent with the case law in this regard. 'Nothing less than a showing of hardship and peculiar to the applicant's property will empower the board to allow a variance'; Michener Appeal, 382 Pa. 401. The hardship, it must be noted, is to the property and not merely to the owner. And, the 'hardship' contemplated must be an 'unnecessary hardship,' not a mere hardship; Richman vs. Zoning Board of Adjustment, 391 Pa. 254."

For the above stated reasons, we enter the following

## ORDER

And now, to wit, May 28, 1974, after consideration of argument, stipulation of counsel, and testimony, it is hereby ordered and decreed:

(1) That the appeal of appellant be and the same is hereby sustained.

(2) That the action of the board in granting a permit to Valiant 26 Home Association, Veterans of Foreign Wars, for the construction of a club building in the R-2 zoned area is reversed and such permit is revoked.

Costs on the Zoning Board of Adjustment of the Borough of Jim Thorpe.