# Alice R. Rinck, Appellant, *v.* Zoning Board of Adjustment, Appellee.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Norman Ackerman,* for appellant.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, May 21, 1975:

This is an appeal by Alice R. Rinck (Rinck) from an order of the Court of Common Pleas of Philadelphia County, dated July 22, 1974. This order affirmed an order of the Philadelphia Zoning Board of Adjustment (Board) denying Rinck a use variance for her residential property.

Rinck and her husband are the owners of an "end of row" home in a residential section of the City of Philadelphia. The area in which the subject property is located is zoned "R-9 Residential," and all parties agree that, on its face, the applicable portion of the local zoning ordinance prohibits the commercial use of Rinck's property.

The two upper floors of the Rinck home are used as the Rincks' residence, while the basement portion, with its separate entrance, is maintained by Rinck as a beauty parlor. This commercial enterprise has been conducted by Rinck for many years apparently in unknowing violation of the ordinance. On October 31, 1968, Rinck was notified that the use of her premises as a beauty parlor required a use permit. Upon application for such a permit, Rinck's request was denied by the Department of Licenses and Inspections on the ground that the beauty parlor use violated the zoning ordinance. Rinck appealed the denial to the Board, requesting a use variance. The Board affirmed the denial of the permit and denied the request for a variance. The Court of Common Pleas eventually affirmed the Board, and this appeal followed.

The court below took no additional evidence and made no independent findings of fact. In such circumstances, our scope of review is limited to a determination of whether the *Board* abused its discretion, committed an error of law, or based its conclusions upon findings which are not supported by substantial evidence. *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975) ; *Camaron Apartments, Inc. v. Zoning Board of Adjustment of the City of Philadelphia,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974).

Rinck's only complaint on appeal is that the Board erred in concluding that she had not carried her burden of proving that (1) the residential zoning restriction worked an unnecessary and unreasonable hardship upon her property ; and (2) the granting of the variance would not adversely affect the public health, safety and welfare. An applicant for a variance has the burden of establishing that *both* of these requirements are met. *Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973) ; *Bell Savings and Loan Association v. Zoning Hearing Board,* 8 Pa. Commonwealth Ct. 335, 301 A.2d 436 (1973).

Rinck's evidence indicates that her commercial operation is a relatively inoffensive violation of the ordinance, and we are sympathetic with her desire to continue the operation of the beauty parlor. Unfortunately, the record fails to demonstrate the type of hardship required before a property owner is entitled to a variance, and we must affirm the lower court.

It is settled law that personal or economic hardship does not warrant the granting of a variance. *Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 11 Pa. Commonwealth Ct. 607, 613, 314 A.2d 565, 568 (1974); *Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 637, 298 A.2d 629, 631 (1972). It must be shown that the hardship is unique *to the property* in question and that the restrictive effect of the ordinance renders the land practically valueless. *Surrick, supra; Philadelphia v. Earl Schieb Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973). Rinck does not even contend that her land is unsuitable for the residential use allowed by the ordinance, and the record is devoid of any evidence indicating that the requisite hardship is present.

Rinck introduced considerable evidence establishing that there are many other commercial operations in the neighborhood, including other beauty parlors, barber shops and professional offices. She cites *Nicholson v. Zoning Board of Adjustment,* 392 Pa. 278, 140 A.2d 604 (1958) for the proposition that "there is unnecessary hardship where a tract of ground in a residential district" is "surrounded by uses . . . commercial in character." We have carefully examined *Nicholson* and find it inapposite. In *Nicholson* the subject property was almost completely surrounded by business uses. The property owner submitted uncontroverted evidence that the parcel in question, which resembled a peninsula of land jutting into an adjoining commercial district, was totally unsuitable for residential development. In the instant case there can be

no serious contention that Rinck's property is "surrounded" by other commercial uses, and the present residential use of the existing building establishes beyond question its suitability for residential development. We note as well that even an erroneous grant of a variance for one property does not preclude a municipality from denying a variance to a neighboring parcel. *Drop v. Board of Adjustment*, 6 Pa. Commonwealth Ct. 64, 69, 293 A.2d 144, 146-47 (1972). In light of the above, we affirm the Order, dated July 22, 1974, of the court below.