Charles C. Lavallee and Ruth Lois Lavallee, his wife *v.* Zoning Board of Adjustment of the City of Pittsburgh.

Henry DeLuca, Appellant.

Argued October 5, 1981, before President Judge Crumlish, Jr. and Judges Rogers and Craig, sitting as a panel of three.

74

*Wayne V. DeLuca, Damian & Damian,* for appellant.

*Maurice L. Kessler, Kessler, Goldman & Unatin,* with him *D. R. Pellegrini,* Deputy City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, December 4, 1981:

The appellant Henry DeLuca, the owner of a dwelling house and lot in the City of Pittsburgh, applied for a variance from the thirty foot rear yard requirement of the City zoning ordinance so that he might construct a basement level garage in his back yard. A portion of the proposed garage would be as close as three inches from the boundary line between De-Luca's lot and the lot of his neighbors, Charles and Ruth Lavallee, the appellees herein. The City Zoning Administrator refused the variance but upon De-Luca's appeal and after a hearing, the Pittsburgh Board of Adjustment granted it. The Lavallees appealed the Zoning Board's determination to the Court of Common Pleas of Allegheny County, which without hearing additional evidence, reversed the action of the Board of Adjustment and overturned the grant of the variance. We now affirm the court's order.

The record made before the Board of Adjustment, including the transcript of the hearing there conducted contains no evidence which would support a conclusion that the rear yard requirement of the zoning ordinance causes DeLuca unnecessary hardship. DeLuca's thesis was that the only place on his lot he

could place a garage was in his rear yard within three inches of his neighbors' line. Assuming, but certainly not deciding, that the inability, because of zoning dimensional requirements, to place a garage on one's dwelling lot constitutes, as an abstract proposition, unnecessary hardship, DeLuca must nevertheless fail because there is no evidence in this record that he cannot place the garage at a conforming location elsewhere on his lot. Indeed, a plan of DeLuca's lot shows ample accommodation for a garage to be placed in conformity with zoning requirements in the side yard, as the court below observed, and there is no evidence that it would be infeasible to place the garage at that location.

Order affirmed.

ORDER

AND Now, this 4th day of December, 1981, the order of the Court of Common Pleas of Allegheny County reversing the action of the Board of Adjustment of the City of Pittsburgh is affirmed.