535 A.2d 690

Borough of Mechanicsburg, Appellant *v.* Mechanicsburg Zoning Hearing Board, Appellee.

Argued November 16, 1987, before Judges MAC-PHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*William L. Sunday,* Borough Solicitor, for appellant.

*Marlin R. McCaleb,* Board Solicitor, for appellee.

*Joseph Fortuna,* amicus curiae, for himself.

OPINION BY SENIOR JUDGE NARICK, December 31, 1987:

The Borough of Mechanicsburg (Borough) appeals from an order of the Court of Common Pleas of Cumberland County affirming a decision of the Mechanicsburg Zoning Hearing Board (Board) which granted an application for a variance to Joseph Fortuna (Fortuna) at

1008 Charles Street, Mechanicsburg, Cumberland County, Pennsylvania. We affirm.

The primary issue presented for our resolution is whether the trial court erred in affirming the Board's grant of variance to Fortuna. Additionally, Fortuna has filed an amicus curiae brief whereby he complains that he did not receive proper notice of the appeal to the Commonwealth Court. Therefore, we must also address whether Fortuna received appropriate notice of the appeal to this Court.[1]

Fortuna is the owner of a one story brick residential dwelling. The lot has a width of 81 feet and a depth of approximately 135 feet for a total lot area of 10,935 square feet. The front of the house is set back a distance of 30.5 feet from the front property line. The side yard to the east of the home is 11' 9" wide and the side yard to the west of the home is 11' 4" wide. Along the western side of the home is a carport which is 28 feet deep and approximately 10½ to 11 feet wide. However, a chimney protrudes from the wall of the home, and at this point, the carport has a width of approximately 9' 4".

A variance has been requested by Fortuna in order to enclose the carport which is attached to his home into a garage, and because of the protruding chimney it is required that the western wall be extended six feet into the side yard in order to allow sufficient space for opening and closing car doors. This extension would reduce the western side yard to 5' 4".

The Fortuna property is located in an area zoned R-1 low density residential. Section 201.2 of the Mechanicsburg Zoning Ordinance (Ordinance) requires that side yards in R-1 low density residential districts must

---

[1] Joseph Fortuna is also joined in the filing of his amicus curiae brief by his wife, Marlene S. Fortuna.

consist of a total of 30 feet for the two side yards, with a minimum requirement of 12 feet on one side. Thus, the Fortuna property and carport as it currently exists is non-conforming to the Ordinance's side yard requirements and Fortuna's request is to expand an already non-conforming use. No citizens have objected to the grant of the variance nor has the adjoining property owner made any objections to the request for expansion.

The Board, after holding two public hearings on the application for variance, granted the variance. The Borough appealed to the Court of Common Pleas of Cumberland County. The decision of the Board was affirmed by the Court of Common Pleas of Cumberland County and the Borough appealed to this Court.

It has been stated by the Pennsylvania Supreme Court that, where the trial court, in reviewing a zoning appeal, has taken no additional evidence beyond that presented to the zoning hearing board, that:

> [T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the instant variances. (Citations omitted.) We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. (Citations omitted.) By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. (Citations omitted.)

*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983).

The reasons for granting a variance must be substantial, serious and compelling. *Id.* A party seeking a variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, and

(2) the proposed use will not be contrary to the public interest. *Id.* and *Sposato v. Board of Adjustment of Radnor Township,* 440 Pa. 107, 270 A.2d 616 (1970).

It is provided in Section 1003.3 of the Ordinance that the Board may grant a variance if the applicant proves that the Ordinance inflicted unnecessary hardship upon him and

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized will not alter the essential character of the neighborhood . . . nor substantially or permanently impair the appropriate use or development of the adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief

and will represent the least modification possible of the regulation in issue.[2]

It is undisputed that the hardship here was not created by the property owner, nor is it disputed that the grant of the variance will not alter the essential character of the neighborhood.[3] However, the Borough does dispute the Board's determination that the property cannot be developed in strict conformity with the Ordinance and that this variance is the minimum grant that will afford relief. The Borough further argues that there is no evidence in the record of any unique physical circumstances or conditions required to obtain a variance; that Fortuna is making reasonable use of his property; and that Fortuna could erect a detached garage elsewhere on his property in accordance with the Ordinance. Hence, according to the Borough, Fortuna did not prove he would suffer unnecessary hardship if his request for variance was denied.

In support of its position the Borough relies on *Lavallee v. Zoning Board of Adjustment of the City of Pittsburgh,* 63 Pa. Commonwealth Ct. 73, 437 A.2d 540 (1981). We find *Lavallee* distinguishable. In that case the property owner wished to construct a *detached* garage on his property. However, a portion of the proposed garage would have been as close as three inches from the boundary line between the homeowner's property and the lot of his neighbors. The variance was denied and the court observed that there was no evidence

---

[2] Section 1003.3 of the Ordinance essentially has adopted the provisions set forth in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

[3] The deed which was submitted into evidence before the Board indicates that Fortuna purchased his home in 1963 in the condition as it now stands, and that the Ordinance was enacted on December 1, 1976.

in the record that the property owner could not place the garage at a conforming location elsewhere on the lot and that a plan of the property owner's lot showed ample accommodation for a garage to be placed in conformity with the zoning requirements. In the case at hand, Fortuna wishes to enclose his carport and convert it into an *attached* garage. Unfortunately, because of the protruding chimney this is feasible only if they can extend the western wall by six feet; otherwise it would be impossible to open and close car doors inside the garage.

The Borough also relies on *Altemose Construction Co. v. East Norriton Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A.2d 781 (1971). In *Altemose* the property owner was the owner of a piece of commercial property who applied for a building permit in order to expand his existing building. Several months after the building permit was granted, it was revoked because the building inspector learned that the addition was not in conformity with the building plans submitted, nor was the addition approved under the building permit. The addition desired by the property owner would intrude on the westerly side yard and not have approval under the building permit but also would not be in conformity with the local ordinance. The property owner argued that he had a vested right to build the addition because of the issuance of the permit. This Court rejected that argument and noted that the property owner was presently and profitably using his property at the location; and that the *sole* reason for the request for variance was economic. Here, Fortuna wishes to enclose a carport. It is a reasonable request by a homeowner to wish to have an enclosed garage on his property and there have been no complaints by neighboring landowners with respect to this request for expansion.

We find the case of *Heidorn Appeal,* 412 Pa. 570, 195 A.2d 349 (1963) to be applicable to the case at hand. In *Heidorn,* a homeowner had removed an unsightly stoop and overhang from his property and constructed a new stoop or patio-type platform. An overhead aluminum awning was also constructed. The township informed the property owners that the awning and the stoop encroached on setback territory and the property owners immediately applied for a variance which was refused. The court of common pleas reversed the township's decision and granted the variance; and the Pennsylvania Supreme Court affirmed the decision of the court of common pleas. The Supreme Court in its decision observed that the original overhang existed for approximately ten years, and was not in conformity with the ordinance. The new porch, which also was not in conformity with the ordinance, improved the appearance of the home considerably and did not impede upon the enjoyment by others of their property. With respect to the patio the Supreme Court noted that its existence was not detrimental to the welfare, safety and health of the community. The Supreme Court went on to quote a statement by the trial court:

> While there is an enlargement of the stoop into what might be called a patio, this enlargement only encroaches an additional 5½ feet into the setback line, and from the testimony and exhibits . . . it cannot be said that this is such a change in the nonconformance that it is not a reasonable extension. The appellants have merely done what any logical person would do, and that is they have attempted to beautify the front of their property and house by the planting of a nice lawn and shrubbery, and thereafter by covering the entire house with aluminum siding and removing at the same time the stoop which

then would be an eyesore, and replacing it with a canopy and cement slab more in keeping with the architectural style of the building, thus resulting in a change in the esthetic nature of the neighborhood and the use of the property.

*Id.* at 574-75, 195 A.2d at 352. The Court concluded in *Heidorn* that:

[I]f our decision becomes a precedent to allow others' exceptions to setback requirements, so let it be. When another case comes along to duplicate the history and circumstances of this case, the decision should be, and must be, the same, namely, that the householders will be entitled to a *reasonable* extension of a non-conforming use.

*Id.* at 574, 195 A.2d at 352.[4]

Accordingly, we conclude that the unnecessary hardship to Fortuna is that he is unable to enclose his carport without violating the setback requirements of the Ordinance, that there are unique physical conditions on the land in that the home existed on the property prior to the enactment of the Ordinance, that it is impossible for Fortuna to enclose his carport and be in conformity with the Ordinance and that the variance authorized is the minimum variance that will afford relief. There is no evidence that the construction of the carport will affect others in the reasonable enjoyment of

---

[4] We should also note that Appellant attempts to argue that *Heidorn* is distinguishable because the grant of variance in *Heidorn* was based on laches, the removal of an eyesore, and was limited to the facts of that case. We cannot agree. Firstly, the grant of the variance was not based on laches. Rather, all that is indicated by the *Heidorn* case is that the failure of the township to require removal of an illegal structure for ten years could result in a finding of laches and its treatment of a structure as non-conforming. *See* Ryan on Zoning, Section 8.3.4.

their property nor will its existence be detrimental to the health, safety and welfare of the community. We further note that we must reject the Borough's contention that a detached garage could be built on another portion of the property and therefore a variance is not warranted. We must agree with the trial court and conclude that this argument is irrelevant because it relates to whether Fortuna's property can be developed in conformity with the Ordinance and the Fortuna property already is non-conforming. *See* Ryan on Zoning, Section 6.2.3.

Lastly, we must address the position presented by Fortuna in the amicus curiae brief. More specifically, Fortuna argues that he did not receive notice of the appeal to this Court. However, our review of the entire record in this matter reveals that a notice of intervention was never filed by the Fortunas in the appeal to the court of common pleas. Therefore, not being a party in the cause of action before the trial court, the Fortunas are not parties in this appeal and are not entitled to notice thereof. *See* Pa. R.A.P. 906(a)(1) and Pa. R.A.P. 908.

Accordingly, for the reasons set forth herein, the decision and order of the Court of Common Pleas of Cumberland County is hereby affirmed.

ORDER

AND NOW, this 31st day of December, 1987, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.

Judge DOYLE dissents.