512

William Kernick et al. *v.* Zoning Hearing Board of the Municipality of Penn Hills et al. Carl T. Valenti, Jr. and Nancy Valenti, his wife, Appellants.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

513

*Gregg M. Rosen,* for appellants.

*D. R. Pellegrini,* with him *Jack Hickton, Metz, Cook, Hanna & Kelly,* for appellee.

Opinion by Judge Mencer, February 6, 1981:

Carl T. Valenti, Jr., and Nancy Valenti (appellants) have appealed from a decision of the Court of Common Pleas of Allegheny County which reversed the grant of a use variance by the Zoning Board of Penn Hills (Board) for a property in a residential zoning district. We affirm.

The property in question is a triangular tract of approximately one acre. It is presently zoned "R-1 Single Family Detached." The property is bounded on all three sides by highways. R-1 districts adjoin two sides of the property, and a "B-1 Business" district adjoins the third. The property presently contains one single-family residential unit. The Board granted a variance which would permit development of the property as a "B-2 Business" use. For the purposes of this opinion, the essential difference between B-1 and B-2 districts is that bars are permitted in the latter but prohibited in the former.

Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912, lists the prerequisites for the granting of a variance. The Board must find, *inter alia,* that "(2) ... there is no possiblity that the property can be developed in strict conformity with the provisions of the zoning ordinance" and that "(5) ... the variance, if authorized, will represent the minimum variance that will afford relief." *Id.* It is well established that

> a variance may obtain only when an applicant proves that in the present zoning posture there exists unnecessary hardship unique or peculiar to the property and that the proposed variance is not contrary to the public health, safety, or general welfare.... A variance should be granted only in exceptional circumstances and the burden of proving its need is a heavy one.

*Boulevard Land Corp. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 586, 303 A.2d 234, 235 (1973) (citations omitted).

In order to sustain this heavy burden, the applicant for a zoning variance must present evidence to satisfy the requirements of Section 912 of the MPC. The procedure for presenting this evidence is found in Section 908 of the MPC, 53 P.S. §10908, which allows for representation by counsel, presentation of witnesses and documents, and cross-examination of adverse witnesses. Nonetheless, "[f]ormal rules of evidence shall not apply." Section 908(6), 53 P.S. §10908(6). Both the procedural requirements of Section 908 and the substantive requirements of Section 912 must be satisfied before a variance may be granted.

In the present case, the appellants presented evidence through the sworn statement of their attorney. This may have satisfied the procedural re-

quirements of Section 908,[1] but the evidence presented did not satisfy the substantive requirements of Section 912 because none of the parties alleged that the property could not be developed as presently zoned or that the variance requested was the minimum variance that would afford relief.

In a case such as this, where the Court of Common Pleas has reversed the Board without taking additional evidence, our scope of review is limited to whether the Board committed an error of law or an abuse of discretion. *Cook v. Zoning Hearing Board of Ridley Township*, 47 Pa. Commonwealth Ct. 160, 408 A.2d 1157 (1979). Because no evidence was introduced to show that the statutory prerequisites for the granting of a variance had been satisfied, we must affirm the holding of the court below that the board committed an error of law or abuse of discretion in granting the variance in this case.

Order affirmed.

### ORDER

AND Now, this 6th day of February, 1981, the order of the Court of Common Pleas of Allegheny County which reversed the grant of a use variance to Carl T. Valenti, Jr., and Nancy Valenti, his wife, by the Zoning Hearing Board of Penn Hills, is hereby affirmed.

---

[1] *See* R. Ryan, Pennsylvania Zoning Law and Practice §9.4.14 (1970). *But see Glenfield Borough v. C. & E. Motors, Inc.*, 22 Pa. Commonwealth Ct. 115, 347 A.2d 732 (1975) (*unsworn* statements of counsel before a zoning hearing board are not competent evidence).