Belle Vernon Area Concerned Citizens et al., Appellants *v.* The Board of Commissioners of the Township of Rostraver, Appellee.

Argued November 13, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Gary Robert Fine, McBride, Wiker & Fine,* for appellants.

*Franklin L. Bialon,* for appellee.

*Albert C. Gaudio,* for intervenors.

OPINION BY JUDGE COLINS, February 12, 1985:

This is an appeal of the Belle Vernon Area Concerned Citizens, an unincorporated association, and twenty-nine persons who own real property in Rostraver Township (Township) from an order of the Court of Common Pleas of Westmoreland County denying their petition to strike a zoning amendment ordinance.

On May 10, 1982, George D. Zamias,[1] by counsel, petitioned the Rostraver Planning Commission to enact a zoning amendment ordinance rezoning two tracts of land[2] from A-1 agricultural to B-3 general business district.[3]

---

[1] Mr. Zamias is an intervenor in the instant proceeding.

[2] One parcel of land is owned by Adolph and Magda Bergstein and Rendulic Realty Company. The second parcel is owned by Consolidated Coal Company.

[3] The proposed use is for a shopping center.

The Planning Commission requested its attorney, James J. Manderino, to prepare such an ordinance. By letter dated June 1, 1981, Mr. Manderino sent the Planning Commission a proposed ordinance, which he had drafted. On June 7, 1982, an advertisement was published in the Valley Independent, a newspaper of general circulation in the Township, announcing that the Planning Commission would hold a hearing on the proposed ordinance, on June 17, 1982, at 8:00 p.m., in the Township Municipal Building. That hearing was held and continued and reconvened on June 24, 1982, at 7:30 p.m.

The minutes from the June 24th hearing reflect that the Planning Commission recommended, to the Board of Commissioners, that the proposed zoning change be granted with certain "provisions."[4]

On October 7, 1982, at 7:30 p.m., in the Township Municipal Building, the Board of Commissioners held a public hearing on the proposed zoning ordinance. Notice of that hearing was published in the Valley Independent on September 20 and September 27, 1982. Both of these advertisements, in addition to providing notice of the public hearing, described the subject properties, the proposed zoning change, and stated that the proposed ordinance and map changes

---

[4] "Leonard Pirilla moved that the Planning & Zoning Commission of Rostraver Township recommend to the Township Board of Commissioners that the present zoning of the Adolph and Magda Bergstein Farm and Consolidated Coal Company be changed from its present A-1 zoning to that of B-3, with the following provisions: (As of which are to be agreed to in writing by the Zamias Organization.)

1. That the presently proposed development of a shopping mall be under construction within 24 months. If such is not the case within this time period, that zoning will revert back to its present A-1. This is to prevent any other use of this land.

could be examined at the Township Municipal Building during regular business hours.

On October 8, 1982, the Board of Commissioners advertised its intention to adopt the proposed zoning ordinance and gave notice that a meeting for its adoption would be held on October 18, 1982, at 7:30 p.m., in the Township Municipal Building. The ordinance was enacted on October 18, 1982. The "provisions" previously recommended by the Planning Commission were, however, not adopted as part of the ordinance.

The appellants first argue that the ordinance was invalidly enacted due to the Township's failure to

2. That the developers, George Zamias, Mark Greenburg, Sr. Executives and not the Jr. Executive make themselves available to all homeowners on a regular basis to air complaints, comments, etc. That this input be incorporated into the development and construction of the mall complex and its surrounding area. This is to be supervised by a commission set up by the Township and consist [sic] of two township officials, three Concord residents, two township residents and two county officials. That further advisory meetings be held with the Township Commissioners, Planning and Zoning Commission on a regular basis; that the Township be advised of all developments in all aspects during and after construction and running of the mall.

3. That the development of the "out parcels" of this complex be done on a plot by plot basis and their (sic) will be no blanket subdivision of all plots at the same time. Each parcel will be subdivided when a specific plan for that particular plot is submitted and approved after a public hearing.

4. That there be a limit on acres to the out parcels only from within the mall complex itself. There will be no direct access from those parcels onto Port Royal Road.

5. That the "buffer area" (green area) of shrubs and trees, etc. be guaranteed, i.e., and those remain a "buffer area", that the shrubs, etc. do not die or are replaced and that those areas be maintained and well cared for."

give proper notice and hearing as required by Sections 608, 610 and 107(18) of the Pennsylvania Municipalities Planning Code (MPC).[5]   We disagree.

Section 608 provides that: ''Before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice.   The vote on the enactment by the governing body shall be within ninety days after the public hearing.''

Section 610 provides that:

Public notices of proposed zoning ordinances and amendments shall include either the full text thereof, or a brief summary setting forth the principal provisions in reasonable detail, and a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined, in addition to the time and place of hearing.

Finally, Section 107(18) states that the notice must be published ''once each week for two successive weeks in a newspaper of general circulation in the ... [township] ... and the first publication shall not be more than thirty days or less than fourteen days from the date of the hearing.''

These requirements were clearly fulfilled by the Township in its advertisements placed in the Valley Independent on September 20 and September 27, 1982.

Appellants also allege that the Township's advertisement of October 8, 1982, advertising its intent to adopt the zoning amendment, violates Section 1502 of the First Class Township Code.[6]

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, §§608, 610, 107(18), 53 P.S. §§10608, 10610, 10107(18).

[6] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56502.

Section 1502 provides that:

> The Board shall have power— . . . to adopt resolutions and ordinances prescribing the manner in which powers of the township shall be carried out, and generally regulating the affairs of the township. All such proposed ordinances, unless otherwise provided by law, shall be published at least once in one newspaper of general circulation in the township not more than sixty days nor less than seven days prior to passage. Publication of any proposed ordinance shall include either the full text thereof or the title and a brief summary prepared by the township solicitor setting forth all the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. . . .

The October 8, 1982, notice is defective because it does not indicate where the proposed ordinance can be examined. Appellants, however, did not raise this objection in a timely fashion and have, therefore, waived it. This issue was raised for the first time by appellants in their Supplemental Brief, filed long after the thirty day appeal period had expired.[7]

Appellants next argue that since the Board of Commissioners did not adopt the additional "provisions" contained in the Planning Commission's comments, the Commissioners did not adopt the ordinance as presented by the Planning Commission and, therefore, the same should have been returned to the Planning Commission. We disagree.

According to appellants, the return of the ordinance is required by the portion of Section 609[8] of the MPC which reads as follows:

---

[7] 42 Pa. C. S. §5571(c)(5).

[8] 53 P.S. §10609.

In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least thirty days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations. If, after any public hearing held upon an amendment, the proposed amendment is revised, or further revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment. . . .

The "provisions" of the Planning Commission were merely advisory comments that have no binding effect on the Board of Commissioners. In fact, Section 607[9] of the MPC states that the Planning Commission can "present to the governing body the proposed ordinance, together with recommendations and explanatory materials. . . ." Furthermore, appellants ignore the fact that Section 609 only requires the reference back to the Planning Commission when the proposed amendment is revised to include land not previously affected by it. In the instant case, no additional land has been included in the amendment.

Finally, appellants contend that the Board of Commissioners' two informational meetings with the proposed developer violated the Open Meeting Law (Sunshine Act).[10] We find no such violation.

In *Palm v. Center Township*, 52 Pa. Commonwealth Ct. 192, 415 A.2d 990 (1980), we stated that

"The 'Sunshine Act' provides that 'formal actions' of agencies such as a Board of Town-

---

[9] 53 P.S. §10607.
[10] Act of July 19, 1974, P.L. 486, *as amended*, 65 P.S. §§261-269.

ship Supervisors must be made in public meetings open to the public. It is the duty of a school board member, a commission, a councilman, or a supervisor to be informed. *Supervisors are not restricted to information furnished at a public meeting. A supervisor has the right to study, investigate, discuss and argue problems and issues prior to the public meeting at which he may vote. Nor is a supervisor restricted to communicating with the people he represents.* He is not a judge. *He can talk with interested parties as does any legislator.*

*. . . Nor is a supervisor prohibited from listening to and talking with the applicant for a zoning change* whether the applicant be a resident or non-resident, a taxpayer or non-taxpayer. Any person affected by a township ordinance has the right to expect a township supervisor or other official with responsibility in the area to be reasonably cooperative, to listen, and to avoid obstructive tactics. He can advise and make suggestions. *If a supervisor recognizes a problem he is free to relate it and discuss it with all interested persons.* None of this means a commitment until a decision is made and formal action taken at a public meeting.["] (Emphasis added.)

For the aforementioned reasons, we must affirm the order of the Court of Common Pleas.

ORDER

AND Now, February 12, 1985, the order of the Court of Common Pleas of Westmoreland County, No. 7162 of 1982, dated March 23, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.