## NORTH PENN SCHOOL DISTRICT, Petitioner,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided Aug. 1, 1995.

Kenneth A. Roos, for petitioner.

Paul R. Jordan, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

North Penn School District (Employer) appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's decision which had found eighty-six school bus drivers and school bus aides (Claimants)[1] eligible for unemployment compensation benefits for the week ending Saturday, January 22, 1994.

The underlying facts are not in dispute. Claimants were all employed as school bus drivers and school bus aides[2] during the 1993–94 school year. Employer employs school bus drivers only for those days on which school is actually in session for students. Monday, January 17, 1994 was Martin Luther King Day, a scheduled school holiday.[3] In addition, a period of inclement weather forced Employer to declare a snow emergency and close school for the remainder of the week, i.e., Tuesday, January 18 through Friday, January 21, 1994. Although these snow days were eventually made up by eliminating other holidays and extending the school year,[4] Claimants did not work for the entire week ending January 22, 1994.[5]

Claimants subsequently applied for benefits for the week ending January 22, 1994.[6] The Office of Employment Security determined that Claimants were eligible for benefits and Employer appealed. Referee Phyllis Wolfson held a hearing on April 23, 1994, at which Geraldine Gillmer, lead Claimant, and

Deborah Nyce[7] testified, on behalf of Claimants, to the facts enumerated above. Employer did not significantly contest the Claimants' version of the facts in this case. However, Employer argued that benefits should be denied as a matter of law because (1) all of the missed snow days had been made up, and consequently, no actual days of work were missed; and (2) since the week began on a holiday, Claimants were not entitled to benefits under Section 402.1(3) of the Unemployment Compensation Law (Law).[8] Section 402.1(3) of the Law provides that employees of educational institutions are not eligible for benefits:

> for any week **which commences during an established and customary vacation period or holiday recess** if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess. (Emphasis added.)

Referee Wolfson rejected Employer's arguments and affirmed the finding of eligibility by the Office of Employment Security. Employer appealed to the Board which affirmed based on the findings and conclusions contained in the referee's opinion.

1. Since the relevant evidence governing this case is substantially the same for all Claimants, Geraldine Gillmer was designated as lead claimant and it was agreed by all parties that she would represent the interests of the remaining Claimants in this case.

2. Eighty-one of the Claimants, including Gillmer, were school bus drivers; five of the Claimants were school bus aides.

3. Although Employer's schools were closed on this date, Gillmer testified that she and a number of other Claimants were scheduled to drive students attending private and parochial schools which were not scheduled to be closed on this date. However, whether this is factual or not, it does not affect our determination of the narrow issue presently before use.

4. Employer declared a total of fourteen weather emergency days for the 1993–94 school year. Of those, ten were made up. The remaining four days were in excess of the 180 instruction days

required under Section 1327 of the Public School Code of 1949, Act of March 10, 1949, *as amended*, P.L. 30, 24 P.S. § 13–1327, and were eliminated prior to any snow cancellations due to Employer's failure to obtain agreement for a longer school year with the teacher's union.

5. All Claimants had worked the previous week ending January 15, 1994; also, they all returned to work on Monday, January 24, 1994.

6. Some of the Claimants, including Gillmer, already had met their waiting week requirement and were immediately eligible for benefits. The remainder of the Claimants wanted waiting week credit for this week.

7. Nyce is one of the other school bus driver's whose entitlement to benefits is being appealed by Employer.

8. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802.1(3).

Employer's appeal of the Board's decision is now before this Court for our review.[9] The sole issue presented by Employer is whether Claimants, as employees of an educational institution, are precluded under Section 402.1(3) of the Law from receiving unemployment compensation benefits for the week ending January 22, 1994, when the Monday of that same week was a scheduled vacation day.

■ Initially, we must stress the remedial and humanitarian purpose underlying the Unemployment Compensation Law. *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981). Traditionally, the courts of this Commonwealth have interpreted the benefits sections of the Law liberally in order to fulfill this objective. *Id.* Therefore, an unemployed worker will be denied benefits only where there is clear and express language in the statute excluding that worker from coverage. *Id.*

■ In *Penn Hills*, the Supreme Court determined that a school bus driver who misses work because of snow days is entitled to unemployment compensation benefits. For the purpose of determining eligibility, the Supreme Court found it irrelevant that the employee only missed a few number of work days and the length of unemployment was brief. The present case is factually similar to the *Penn Hills* case, except for the fact that the first day of the work week in this case was Martin Luther King's Birthday, a scheduled school holiday.

Employer distinguishes *Penn Hills* by arguing that, since Monday, January 17, 1994, the first day of the work week, was a scheduled school holiday, Section 402.1(3) of the Law excludes Claimants from coverage. At first glance, this argument appears persuasive since Section 402.1(3) of the Law does in fact exclude employees in Claimants' position from coverage for any week which "commences during an established and customary vacation period or holiday recess." 43 P.S. § 802.1(3). However, Employer's argument

must ultimately fail because the first day of the week for the purposes of the Unemployment Compensation Law is not Monday, but rather Sunday.

"Week" is defined under the Unemployment Compensation Law as follows:

*"Week" means any calendar week ending at midnight Saturday,* or the equivalent thereof, as determined in accordance with general rules adopted by the department [of Labor]: Provided, however, That for the purposes of computation of the partial benefit credit if the workday of an individual includes parts of two calendar days, all the work performed by such individual during such workdays shall be deemed to have been performed during the day in which the preponderance of the work was performed. If the work performed is equally divided over two calendar days the work shall be deemed to have been performed in the day in which the shift began.

Section 4 of the Law, 43 P.S. § 753(z) (emphasis added). Similarly, 34 Pa.Code § 61.2 defines "week" as "the calendar week—Sunday through Saturday...." Therefore, Sunday, January 16, 1994 was the first day of the week in question even though Claimants did not normally work on Sundays.

This Court is bound by the clear and precise definition of "week" found in the Law and accompanying regulations. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Degroot v. Board of Supervisors*, 157 Pa.Commonwealth Ct. 350, 629 A.2d 318 (1993), *petition for allowance of appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994). We must conclude that the week ending January 22, 1994 began on a Sunday. Since Martin Luther King Day was on Monday, January 17, 1994, the week did not actually "begin" on a holiday. Sunday, the first day of the "week" as that term is defined in the Law, is not a customary *"vacation"* period although it is a customary day off for working people. Therefore, Claimants were not excluded from coverage for that week by Section 402.1(3) of the Law.

---

9. This Court's scope of review in unemployment cases is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether

constitutional rights have been violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

Accordingly, we affirm the order of the Unemployment Compensation Board of Review.

### ORDER

NOW, August 1, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.