Menelaos VALIANATOS

v.

**ZONING HEARING BOARD OF RICHMOND TOWNSHIP and Richmond Township.**

**Appeal of Richmond Township.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 2000.

Decided Jan. 30, 2001.

Robert P. Grim, Kutztown, for appellant.

Joan E. London, Wyomissing, for appellee.

Before COLINS, Judge, PELLEGRINI, Judge and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Court of Common Pleas of Berks County (trial court) erred by sustaining the zoning appeal of Menelaos Valianatos (Landowner) and declaring the Richmond Township Zoning Ordinance No. 78–1998 invalid for failing to comply with the provisions of the Municipalities Planning Code (MPC).[1] We hold that Richmond Township (Township) failed to give adequate public notice pursuant to Section 610 of the MPC, 53 P.S. § 10610, with regard to Zoning Ordinance

---

**1.** Act of July 31, 1968, P.L. 805, *as amended,*   53 P.S. §§ 10101–11202.

No. 78–1998. Thus, we affirm the decision of the trial court.

The relevant facts of this case are as follows. On December 27, 1989, Landowner, his wife Katherine Valianatos, his son Christopher Valianatos and his daughter-in-law Kim Valianatos purchased 10.537 acres located on the south side of U.S. Route 222 in Richmond Township. This property was the former site of the Glockenspiel Restaurant, which burned to the ground in 1986. Landowner intended to rebuild and reopen the Glockenspiel Restaurant using the same "footprint" where the former restaurant stood. In furtherance of his plan, Landowner purchased the use of the Glockenspiel name and the restaurant's liquor license. Landowner also intended to build a new 150 room motel/hotel on the site. Due to personal problems, Landowner did not begin commencement of the project until July 1997.

At the time of the above purchase in 1989, the property was zoned C–2, Highway Commercial, pursuant to Township Zoning Ordinance No. 41–1986, adopted October 17, 1986, which was then in effect. Restaurants, hotels and motels were uses permitted by right in the C–2 District.[2]

On December 14, 1998, a Township representative posted copies of a Notice of Public Hearing on Proposed Amendments to Ordinance No. 41–1986 along the affected tracks of land. On November 20 and 27, 1998, the Township published in a newspaper of general circulation a "Notice of Public Hearing on Proposed Amendments to Ordinance No. 41 of Richmond Township, known as the Richmond Township Zoning Ordinance of 1986, as amended, and the Richmond Township Zoning Map."

On December 14, 1998, at its regular monthly meeting, the Township held a "Zoning Ordinance Changes Hearing."

There being no questions from the public, the hearing was closed, a motion to approve Ordinance No. 78–1998 as written was made and passed unanimously. Pursuant to Ordinance No. 78–1998, Landowner's property was rezoned from C–2 to R–A, Rural Agricultural, which prohibits restaurants and hotels. The effective date of Ordinance No. 78–1998 was to be December 19, 1998. Landowner did not attend the December 14, 1998 meeting.

On February 15, 1999, Landowner filed appeals before the Richmond Township Zoning Hearing Board (Board) seeking a use variance to construct the restaurant and motel. Landowner also challenged the validity of Ordinance No. 78–1998. The appeal was bifurcated by agreement of the parties. In a decision dated May 26, 1999, the Board granted Landowner a use variance to operate a restaurant but denied the variance request for a motel. In a decision dated October 19, 1999, the Board, with one dissenter, denied Landowner's challenge to the validity of Ordinance No. 78–1998. The Board concluded that the challenge was fatally defective pursuant to Section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1(a)(2), because it was filed more than thirty (30) days after the alleged effective date of Ordinance No. 78–1998.

On November 12, 1999, Landowner filed an appeal with the trial court from both decisions of the Board. In an Order dated May 3, 2000, the trial court sustained Landowner's appeal and declared Ordinance No. 78–1998 invalid for failure to comply with Section 610 of the MPC, 53 P.S. § 10610. Thus, Landowner's appeal from the use variance became moot. On May 31, 2000, the Township appealed the trial court's order to this Court.

■ On appeal,[3] the Township argues that the trial court erred by holding that

---

**2.** It appears from the record that there is a dispute between the parties as to whether Ordinance 41 allowed for both a restaurant and motel/hotel on the same parcel without a

variance. The trial court did not address this issue and it is not before this Court on appeal.

**3.** Where a trial court reverses the decision of a zoning hearing board without taking any

the Township did not comply with the statutory notice requirements in enacting Ordinance No. 78–1998. We disagree.

The threshold requirements for enacting a zoning ordinance are set forth in Section 609(b) of the MPC, which provides:

(b) Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In addition, if the proposed amendment involves a zoning map change, notice of said public hearing shall be conspicuously posted by the municipality at points deemed sufficient by the municipality along the tract to notify potentially interested citizens. The affected tract or area shall be posted at least one week prior to the date of the hearing.

53 P.S. 10609(b).

Section 610 of the MPC sets forth the requirements for publication, advertisement, and availability of proposed zoning ordinances and amendments. This section provides, *inter alia:*

(a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to the place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all

the provisions in reasonable detail. If the full test is not included:

(1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual cost of storing said ordinance....

53 P.S. § 10610.

The above notice provisions contained in the MPC mandatorily obligate a township to comply with the requirements of such provisions and if a township fails to meet the notice requirements then the appropriate zoning enactment is made null and void. *Mid–County Manor, Inc. v. Haverford Township Board of Commissioners,* 22 Pa.Cmwlth. 149, 348 A.2d 472 (1975); *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000). These requirements are strictly applied and mere substantial compliance of the publication and notice provisions is not sufficient. *Lower Gwynedd Township v. Gwynedd Properties, Inc.,* 527 Pa. 324, 591 A.2d 285 (1991).

In the case at bar, the Township published the following notice in a newspaper of general circulation:

NOTICE OF PUBLIC HEARING ON PROPOSED AMENDMENTS TO ORDINANCE NO. 41 OF THE RICHMOND TOWNSHIP ZONING ORDINANCE OF 1986, AS AMENDED, AND THE RICHMOND TOWNSHIP ZONING MAP

NOTICE IS HEREBY GIVEN that a public hearing will be held by the Board of Supervisors of the Township of Richmond on Monday, December 14, 1998, at

---

additional evidence, this Court's review is limited to a determination of whether the board committed an error of law or an abuse

of discretion. *Kernick v. Zoning Hearing Board of the Municipality of Penn Hills,* 56 Pa.Cmwlth. 512, 425 A.2d 1176 (1981).

8:00 p.m., at the Richmond Township Municipal Building, along Route 662,¼ mile northeast of the Moselem Springs intersection, in Richmond Township, Berks County, Pennsylvania, to consider proposed amendments to Ordinance No. 41, known as the Richmond Township Zoning Ordinance of 1986, as amended, and to the Richmond Township Zoning Map, a summary of which proposed amendments is set forth below. Copies of the proposed amended Ordinance and Map may be examined without charge, or obtained for a charge not greater than the cost thereof, at the Richmond Township Municipal Buildings on Mondays through Thursdays from 1:30 p.m. to 4:30 p.m. and Fridays from 1:30 p.m. to 4 p.m. Copies of the same have also been supplied to this newspaper and to the Berks County Law Library. The public hearing will concern the following proposed amendments to the Zoning Ordinance and Zoning Map and any recommendations with respect thereto of the Berks County Planning Commission:

SUMMARY OF PROPOSED AMEND-ED ZONING ORDINANCE

The amendments proposed to the current Zoning Ordinance have multiple purposes, including but not limited to, implementing the recommendations contained in the 1997 Joint Comprehensive Plan of Richmond Township and Fleetwood Borough; incorporating into one text the amendments to the Zoning Ordinance previously approved by the Board of Supervisors; creating two new zoning districts with specific minimum requirements and limitations (the R–1/TN Low Density/Traditional Neighborhood zoning district, and the L–1 Light Industrial zoning district); changing the designation of certain zoning districts to R–C Rural Conservation, R–A Rural Agriculture, C–1 Village Commercial, C–2 Commercial and I General Industrial; in the C–1 Village Commercial zoning district, eliminating certain commercial uses formerly permitted by special exception, and adding criteria for

determining minimum lot area and width requirements based upon public or on-site sewage disposal capabilities; requiring compliance with the Township's Sacony Creek Watershed Act 167 Storm Water Management Ordinance; and revising and expanding the requirements and restrictions for mobile telephone, microwave, television and radio transmission structures within the Township.

In addition to the proposed amendments to the Zoning Ordinance, the proposed amended Zoning Map incorporates the changes described above, e.g., includes the two new zoning districts, revised the boundary lines of certain zoning districts, and redesignates the names of certain other zoning districts as set forth above . . . .

Although this publication was a good faith effort by the Township to comply with the relevant notice provisions in the MPC, we hold that it did not adequately put the general public on notice that Ordinance No. 78–1998 would be enacted at the December 14, 1998 meeting and that the amended ordinance would greatly decrease the value of some property. The notice states that a hearing will be held to "consider" proposed amendments to Ordinance No. 41. After a fifteen (15) minute hearing "for the purpose of receiving commentary on the proposed zoning ordinance" (minutes of the meeting of the Richmond Township Board of Supervisors, December 14, 1998) the Board passed Ordinance No. 78–1998. No other meetings were held and no other notices were published.

The Township argues that the above analysis is "splitting hairs" and it may be correct. However, since the townships draft the public notices and property rights are affected, this Court and our Supreme Court have consistently interpreted ambiguous notices in favor of property owners. See Appeal of the City of New Kensington, 417 Pa. 623, 208 A.2d 853 (1965); Belle Vernon v. Board of Com-

missioners of Rostraver, 87 Pa.Cmwlth. 474, 487 A.2d 490 (1985) (holding that a notice was inadequate because it called for a "meeting" and not a "hearing"); *Tinicum Township v. Tinicum Township Zoning Hearing Board*, 154 Pa.Cmwlth. 476, 624 A.2d 232 (1993).

■ The Township also argues that Landowner's challenge to Ordinance No. 41 is fatally defective because the appeal was filed more than thirty (30) days after the alleged effective date of the ordinance in violation of Section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1. In *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165 (2000), our Supreme Court held that an ordinance that was not properly numbered, signed, dated, or recorded never became effective. Thus, an argument that the appeal was untimely because it was brought nearly eight years after the fact was unpersuasive. In the case at bar, we hold that the thirty (30) day rule of Section 909.1(a)(2) is inapplicable because Ordinance No. 78–1998 was void *ab initio*. Therefore, the ordinance never had an effective date to begin the thirty (30) day period.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 30th day of January, 2001, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.