## Stassi v. Ransom Township Zoning Hearing Board

C.P. of Lackawanna County, no. 00-CV-6189.

*Howard C. Terreri,* for appellants.
*Donna M. DeVita,* for appellee.
*Ronald S. Cusano* and *Thomas R. Daniels,* for intervenor.
*James E. Pocius,* for Ransom Township.

NEALON, *J.,* September 24, 2001—Appellants, Louis Stassi, Reverend Susan Davis, Alan Heyen and the Borough of Old Forge (referred to collectively as Rev. Davis), have filed a land use appeal asserting a procedural challenge to a zoning ordinance that was enacted by Ransom Township on July 25, 2000.[1] Rev. Davis maintains that Ransom violated the requirements of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805 as amended, 53 P.S. §§10101-11202, in adopting the 2000 ordinance as a result of which the new zoning code is void ab initio. Since Ransom failed to comply with the mandatory provisions of section 608 of the MPC when it published notice of a public hearing twice within the same calendar week rather than once each week for two

---

1. Stassi and Heyen are residents of Old Forge and do not own any property in Ransom, and for that reason, the Ransom Township Zoning Hearing Board concluded that Stassi, Heyen and Old Forge did not have standing to challenge Ransom's adoption of the 2000 zoning ordinance. However, the ZHB found that Rev. Davis, as a Ransom resident and property owner, did have standing to advance a procedural challenge. See *Sunnyside Up Corp. v. City of Lancaster Zoning Hearing Board,* 739 A.2d 644, 648 (Pa. Commw. 1999) (residents and property owners in close proximity to a proposed land use are aggrieved parties with standing to appeal zoning board decisions), *app. denied,* 563 Pa. 636, 758 A.2d 666 (2000). As there is no dispute that Rev. Davis has standing in this case, the appellants will be referred to singularly as "Rev. Davis" for purposes of this land use appeal.

successive weeks, the 2000 zoning ordinance must be declared null and void as violative of the public notice requirements of the MPC. Therefore, Rev. Davis' procedural challenge will be granted.

## I. FACTUAL BACKGROUND

In early 1998, Ransom Township retained a consultant, Donato Consulting, to consider the adoption of a new zoning ordinance to replace the zoning law which Ransom had enacted on February 5, 1990. (See transcript of validity challenge hearing before Ransom ZHB on 9/19/00, pp. 52-56.) Donato Consulting eventually prepared a draft of a new code which was presented to the Ransom Planning Commission at its meeting on April 17, 2000, and discussed by the commission members during a public meeting on June 19, 2000. (See Ransom Planning Commission minutes of meetings dated 4/17/00 and 6/19/00 attached to Alliance's brief as exhibits E and G.) Under the 1990 zoning ordinance, property owned by the intervenor, Alliance Sanitary Landfill Inc., was located in agricultural (A-1) and open-space/conservation (S-1) zoned districts in which solid waste facilities or landfills were not allowed as permitted uses. The proposed ordinance that was prepared by Donato Consulting rezoned Alliance's land into a heavy manufacturing (M-2) district where solid waste facilities are expressly designated as permitted uses. (See Ransom Township Zoning Ordinance no. 2000-3, §§301, 304, 661 and Table 3-1.) Thus, although the 1990 ordinance enabled Alliance to conduct landfill activities on its Ransom property only if it first secured a special exception, the 2000 proposal would entitle Alliance to operate a solid waste

facility as a use permitted as of right. (See transcript of proceedings dated 7/11/01, pp. 22-25.)

Section 608 of the MPC provides that "[b]efore voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice." 53 P.S. §10608. To that end, the Ransom Township Board of Supervisors scheduled a public hearing for Tuesday, July 11, 2000, to consider the adoption of a new zoning ordinance. In anticipation of that public hearing, Ransom published a notice in *The Scranton Times* on Monday, June 26, 2000, and Saturday, July 1, 2000, which read:

*"Public Hearing Scheduled*

"The Ransom Township Board of Supervisors will hold a public hearing, pursuant to the Pa. Municipalities Planning Code, at 7 p.m. on July 11, 2000, at the Ransom Township Building, 2435 Hickory Lane. The purpose of the hearing is to consider the adoption of a zoning ordinance and repeal of the previous zoning ordinance enacted February 5, 1990. Copies of the ordinance are available for public inspection at the Ransom Township Building during regular office hours, 6:30 p.m. to 8 p.m. on Tuesdays and Thursdays, or by calling the township at 586-7250 for an appointment." (See Alliance's brief, exhibit L.)

Comparable notices were published in *The Scranton Times* on the same dates with respect to Ransom's consideration of a new storm water management ordinance and amendments to its subdivision and land development ordinance. *(Id.)*

The Ransom supervisors conducted a public hearing on July 11, 2000, regarding the adoption of new zoning

and storm water management ordinances and amendments to its subdivision and land development ordinance. At that time, a Donato Consulting representative discussed the proposed changes and amendments with the supervisors and eight Ransom residents who were in attendance. None of the appellants in this case were present at the public hearing on July 11, 2000. Following the supervisors' receipt of "public comment," the public hearing was adjourned. (*Id.,* exhibit K.)

The Ransom supervisors subsequently scheduled a special meeting for July 25, 2000, to consider the enactment of the new zoning ordinance. On July 18, 2000, notice of that special meeting was published in *The Scranton Times* by the Ransom solicitor. The published notice advised the public about the date, time and purpose of the special meeting, set forth a "summary of the proposed ordinance" by identifying the titles of its nine articles, and represented that copies of the ordinance were available for public inspection at the Ransom Township Building, the Lackawanna County Planning Commission, and *The Scranton Times.* (*Id.,* exhibit N.) A special meeting of the Ransom supervisors was held on July 25, 2000, and attended by 17 individuals, including Heyen and other residents of Old Forge. After receiving public comment, the supervisors voted unanimously "to repeal the current zoning ordinance enacted February 5, 1990" and "to enact the proposed zoning ordinance" which had been drafted by Donato Consulting. (*Id.,* exhibit M.)

On August 23, 2000, Rev. Davis presented a validity challenge to the 2000 zoning ordinance by filing a "notice of challenge to zoning ordinance and map" with the supervisors and ZHB. In her challenge, Rev. Davis as-

serted that Ransom failed to: (1) furnish notice to Old Forge, as an adjacent municipality, of the proposal to amend Ransom's zoning map; (2) publish appropriate "notice of the required public hearing" for enactment of a new ordinance; (3) require its planning agency to prepare the text and map of the proposed ordinance, present recommendations to the board of supervisors, and furnish "the required public notice of its meeting;" (4) timely and adequately "post the land affected by its rezoning;" and (5) "supply a copy of the ordinance to a newspaper of general circulation serving the township." (*Id.*, exhibit A.) On September 19, 2000, the ZHB conducted a hearing regarding Rev. Davis' validity challenge, at the conclusion of which it took the matter under advisement for issuance of a decision within 45 days. (See transcript of "validity challenge to the Ransom Township zoning ordinance map" on 9/19/00, p. 98.) During a subsequent meeting on October 9, 2000, the ZHB voted unanimously to reject Rev. Davis' validity challenge. (See transcript of "validity challenge to the Ransom Township zoning ordinance map" on 10/9/00, pp. 4-5.)

The ZHB later submitted its written decision on November 14, 2000, and determined that although Rev. Davis had standing to appeal as a resident of Ransom, she "failed to meet her burden of proof in showing that the procedures followed by Ransom Township were defective or in violation of the Municipalities Planning Code." (See appellants' notice of land use appeal, exhibit B, ¶¶2-3.) Specifically, the ZHB found that: (1) the MPC did not obligate Ransom to notify Old Forge "of the proposed adoption of the new zoning ordinance;" (2) Ransom complied with the MPC's requirements govern-

ing advertisements and public hearings relative to the adoption of a new zoning ordinance; and (3) the planning commission was not required "to hold a public *hearing* prior to making its recommendations" to the supervisors concerning the new ordinance. (*Id.,* ¶¶4-7.) (emphasis in original) The ZHB did not make factual findings or legal conclusions in its written decision with respect to Rev. Davis' arguments that the affected land had not been properly posted or that the proposed ordinance had not been duly furnished to a newspaper of general circulation.

On December 13, 2000, Rev. Davis filed the instant land use appeal maintaining that the 2000 zoning ordinance should be invalidated on the grounds that: (1) notice of the public hearing on July 7, 2000, was published twice within the same calendar week rather than during two successive weeks as required by the MPC; (2) the Ransom planning commission neglected to furnish public notice of its meeting; (3) the affected land was not properly posted prior to adoption of the ordinance; (4) advance notice was not provided to Old Forge with regard to the prospective adoption of a new zoning ordinance and map; (5) an additional public hearing was not convened by Ransom to discuss revisions which had been made to the proposed ordinance subsequent to the public hearing on July 11, 2000; (6) recommendations and explanatory materials were not furnished to the Ransom supervisors by the planning commission; and (7) a copy of the ordinance was not supplied to newspaper of general circulation.[2] (See appellants' notice of land use ap-

---

2. Rev. Davis' fifth objection concerning the need for another public hearing to address changes made to the ordinance draft after July

peal, ¶12(a)-(g).) Upon learning of this land use appeal in April 2001, Alliance promptly filed a petition to intervene on May 17, 2001, and by memorandum and order dated July 26, 2001, Alliance's petition to intervene was granted. See *Stassi v. Ransom Township Zoning Hearing Board,* 102 Lacka. Jur. 687 (2001).

Rev. Davis has preserved five principal issues for review. First, she maintains that section 608 of the MPC required Ransom to hold a public hearing "pursuant to public notice" before it enacted the new zoning ordinance and that section 107 of the MPC mandates that such notice be published in two successive weeks. Since the notice of the public hearing on July 11, 2000, was advertised twice in *The Scranton Times* during the same calendar week, Rev. Davis posits that the public notice was deficient under the MPC. Although the ZHB and Alliance acknowledge that Ransom failed to provide public notice during two successive weeks, they submit that any such error was "harmless" and "de minimis" since eight other members of the public did attend the hearing on July 11, 2000, and Ransom "substantially" complied with the "fundamental" notice and publication provisions of the MPC. (See ZHB's memorandum of law, p. 5; Alliance's brief, pp. 10-15.)

---

11, 2000, was not asserted in her original validity challenge before the ZHB. (Compare "notice of challenge to zoning ordinance and map" dated 8/23/00, ¶¶(a)-(e) with "notice of land use appeal," ¶12(a)-(g).) As such, Rev. Davis has waived her ability to assert that issue on appeal. See *Segal v. Zoning Hearing Board of Buckingham Township,* 771 A.2d 90, 94 (Pa. Commw. 2001) (a party in a land use appeal may not present an issue to the trial court if it did not raise the question before the zoning hearing board). Therefore, Rev. Davis' fifth issue will not be considered in this appeal. See *Baer v. Zoning Hearing Board of Quincy Township,* 782 A.2d 597, 601-602 (Pa. Commw. 2001).

Second, Rev. Davis alleges that section 607 of the MPC obligated the Ransom Planning Commission to provide the Ransom supervisors with recommendations and explanatory materials regarding the proposed ordinance and to "hold at least one public meeting pursuant to public notice" in preparing the new law. See 53 P.S. §10607(a)-(c). According to Rev. Davis, the planning commission met on June 19, 2000, to discuss the proposed ordinance and map, but did not furnish public notice of the same nor did it present recommendations and explanatory materials to the supervisors. Since section 607 of the MPC states that the foregoing procedures "shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this Act," 53 P. S. §10607(d), Rev. Davis asserts that the 2000 ordinance should be invalidated for that reason. The ZHB and Alliance counter that the planning commission records clearly document that the ordinance and map were duly studied by the commission at a public meeting and thereafter referred to the supervisors for consideration. Once again, the ZHB and Alliance concede that public notice of the planning commission meeting on June 19, 2000, was not advertised, but nevertheless contend that such lack of notice did not prejudice the public as the planning commission is "an advisory body rather than a decision-making body" and the appellants did attend the supervisors' special meeting on July 25, 2000, where the "decision-making body" adopted the ordinance. (See ZHB's memorandum of law, pp. 5-6; Alliance's brief, pp. 16-17.)

Third, Rev. Davis avers that the 2000 zoning ordinance constituted an amendment of an existing ordinance rather than a repeal and replacement of a prior law since it was

not written in accordance with a newly drafted comprehensive plan. See *e.g., Budco Theaters Inc. v. Zoning Hearing Board of Springettsbury Township,* 159 Pa. Commw. 257, 263-64, 632 A.2d 1072, 1075-76 (1993) (zoning enactment was a new ordinance rather than an amendment to the previous ordinance in that it was written in accordance with a newly drafted comprehensive plan). Rev. Davis argues that before Ransom could adopt a zoning amendment with a map change, section 609(b) of the MPC required it to conspicuously post notice of a public hearing on the affected land "at points deemed sufficient by the municipality along the tract to notify potentially interested citizens." 53 P.S. §10609(b). The ZHB and Alliance submit that Rev. Davis' argument is meritless since the posting requirements of section 609(b) are only applicable to zoning amendments and Ransom did not simply amend its existing zoning law, but instead completely repealed its prior ordinance and supplanted it with a new zoning code.

Fourth, Rev. Davis contends that section 408 of the MPC obligated Ransom to notify Old Forge as an adjacent municipality prior to adopting the 2000 zoning ordinance. In response, the ZHB and Alliance maintain that the notice provisions of section 408 apply only if the "municipality proposes to adopt an official map, or amendment thereto, that shows any street or public lands intended to lead into any adjacent municipality . . . ." 53 P.S. §10408(c). The ZHB and Alliance assert that the proposed ordinance and map did not affect any streets or land leading into Old Forge and were not part of a comprehensive plan under 53 P.S. §§10302 and 10401. Hence, they reason that section 408(c) is inapplicable to the 2000 ordinance.

Last, Rev. Davis posits that section 610(a) of the MPC required Ransom to publish the proposed ordinance "in one newspaper of general circulation in the municipality not more than 60 days nor less than seven days prior to passage." Under section 610(a), if the full text of the ordinance is not included in the publication, a copy of the proposed ordinance must "be supplied to a newspaper of general circulation in the municipality at the time the public notice is published" and "be filed in the . . . county office designated by the county commissioners. . . ." 53 P.S. §10610(a)(1), (2). As stated above, the notice published by the Ransom solicitor did not include the full text of the ordinance but represented that a copy of the ordinance was available for public inspection at *The Scranton Times* and the Lackawanna County Planning Commission. (See Alliance's brief, exhibit N.) However, the parties have stipulated on appeal that Ransom neglected to provide a copy of the ordinance to *The Scranton Times* or any other newspaper of general circulation.

Consequently, Rev. Davis contends that the 2000 zoning ordinance should be declared void based upon Ransom's violation of the publication requirements of section 610(a). The ZHB counters that "the township secretary testified [during the validity challenge hearing] that she received no requests from *The Scranton Times* for a map or a copy of the ordinance due to any inquiries (N.T. 36)."[3] (See ZHB's memorandum of law,

---

3. The ZHB mischaracterizes the substance of the cited testimony during the validity challenge hearing. The Old Forge borough manager, *not* the Ransom Township secretary, testified that *she* did not contact *The Scranton Times* to request a copy of the zoning ordinance

p. 6.) Therefore, the ZHB "submits that the failure to supply a copy of the proposed ordinance to the newspaper was harmless error." *(Id.)* Counsel for the parties presented extensive oral argument on September 11, 2001, at the conclusion of which this matter was submitted for a decision.

## II. DISCUSSION

### (A) *Scope of Review*

The scope of judicial review in a land use appeal where the trial court has not taken any additional evidence is limited to a determination of whether the zoning hearing board committed an error of law or abused its discretion. *Phillips v. Zoning Hearing Board of Montour Township,* 776 A.2d 341, 342 n.2 (Pa. Commw. 2001); *World School House Residences Ltd. Partnership v. Zoning Hearing Board of the City of Scranton,* 102 Lacka. Jur. 14, 18 (2000), *aff'd,* 777 A.2d 544 (Pa. Commw. 2001). A governing body abuses its discretion if its findings are not supported by substantial evidence. *Ruf v. Buckingham Township,* 765 A.2d 1166, 1168 n.2 (Pa. Commw. 2001); *City of Scranton v. Zoning Hearing Board of City of Scranton,* 101 Lacka. Jur. 159, 161 (1999), *aff'd,* 767 A.2d 33 (Pa. Commw. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cardamone v.*

---

or map. (See "validity challenge to the Ransom Township zoning ordinance map" on 9/19/00, p. 36, ll. 21-25.) Nothing in the reproduced record reflects that Ransom never received a request from *The Scranton Times* for a copy of the ordinance or map or that no citizen ever contacted *The Scranton Times* to review them.

*Whitpain Township Zoning Hearing Board,* 771 A.2d 103, 104 (Pa. Commw. 2001); *Glynn v. Zoning Hearing Board of Dickson City,* 101 Lacka. Jur. 145, 151 (1999). Furthermore, when a zoning appeal presents a question of law, the scope of appellate review is plenary. *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 459 n.4, 751 A.2d 165, 166 n.4 (2000).

(B) *Notice of Public Hearing on July 11, 2000*

Rev. Davis first argues that Ransom failed to properly advertise its public hearing on July 11, 2000, in accordance with the provisions of the MPC. Section 608 of the MPC states that "[b]efore voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice." 53 P.S. §10608. It is beyond legitimate dispute that section 608 governs the public notice to be furnished with regard to the public hearing to be held prior to the adoption of a new zoning ordinance. See *Belle Vernon Area Concerned Citizens v. Board of Commissioners of Township of Rostraver,* 87 Pa. Commw. 474, 478-79, 487 A.2d 490, 492-93 (1985) (holding that township gave proper notice under section 608 of public hearing on proposed zoning ordinance); *Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commw. 515, 523-24, 322 A.2d 787, 792 (1974) (section 608 governs public notice of public hearings to be held to enact a zoning ordinance whereas section 609 controls the notice applicable to zoning amendments). The ZHB contends that the public notice required for the public hearing on July 11, 2000, is determined by

section 610(a) of the MPC which provides that "[t]he governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than seven days prior to its passage." 53 P.S. § 10610(a). The ZHB's argument in this regard is devoid of merit since the plain language of section 610(a) clearly reflects that it applies only to the newspaper publication of the proposed ordinance or amendment itself, not to the required notice of the public hearing which must be conducted before the governing body may vote on the enactment of the proposed ordinance or amendment. See *Valianatos v. Zoning Hearing Board of Richmond Twp.*, 766 A.2d 903, 905 (Pa. Commw. 2001) ("Section 610 of the MPC sets forth the requirements for publication, advertisement, and availability of proposed zoning ordinances and amendments."). Therefore, Rev. Davis' first argument is governed by the publication requirements of section 608 of the MPC, not section 610. *Belle Vernon Area Concerned Citizens, supra.*

The MPC contains a definitional section which confirms that "[t]he following words and phrases when used in this Act shall have the meanings given to them in this subsection unless the context clearly indicates otherwise." 53 P.S. § 10107(a). Section 107 of the MPC defines the phrase "public notice" as "notice published once each week *for two successive weeks* in a newspaper of general circulation in the municipality." *Id.* (emphasis added) See also, *Belle Vernon Area Concerned Citizens, supra* at 478, 487 A.2d at 492 (applying section 107's "public notice" definition to section 608); *Northampton Resident's Association, supra* at 523-24, 322 A.2d at 792

(same). Although the MPC does not expressly define the term "successive weeks," section 1909 of the Statutory Construction Act[4] does and provides:

*"Time: Publication for successive weeks*

"Whenever in any statute providing for the publishing of notices, the phrase 'successive weeks' is used, weeks shall be construed as calendar weeks. The publication upon any day of such week shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in 'successive weeks' shall elapse between the first publication and the day for the happening of the event for which publication shall be made." 1 Pa.C.S. §1909. Thus, the phrase "successive weeks" as used in the MPC must be interpreted as referring to "calendar weeks."

While neither the MPC nor the Statutory Construction Act contains a specific definition of the phrase "calendar weeks," it is a fundamental precept of statutory construction that all words and phrases are to be construed based upon their common usage and ordinary meaning. See 1 Pa.C.S. §1903(a). In that regard, the term "calendar week" has long been interpreted as referring to a common calendar week beginning on Sunday and concluding on Saturday. See *Currens v. Blocher,* 21 Pa. Super. 30 (1902) (citing *Ronkendorff v. Taylor,* 29 U.S.

---

4. The introductory provision of the Statutory Construction Act states that its rules of interpretation must be followed when construing a Pennsylvania statute unless the application of those rules would result in a construction that is inconsistent with the manifest intent of the General Assembly. See 1 Pa.C.S. §1901.

349 (1830)); *Bucher v. Boyer,* 5 Lacka. Jur. 98 (Schuylkill Cty. 1903) (invalidating sheriff sale which had been advertised in the *Pottsville Daily Republican* on Wednesday, September 9, 1903, Friday, September 11, 1903, and Saturday, September 12, 1903, since those publications all fell within the same calendar week). Cf. *North Penn School District v. Unemployment Compensation Board of Review,* 662 A.2d 1161, 1163 (Pa. Commw. 1995) (noting that unemployment compensation regulations define the word "week" as "the calendar week—Sunday through Saturday."). See also, *People v. Rexford,* 228 Mich. App. 371, 375, 579 N.W.2d 111, 113-14 (1998) ("[a]lthough the term 'calendar week' is not defined in the administrative rule itself, giving the term its ordinary and generally accepted meaning, and relying on past case law, we read 'calendar week' to mean a seven-day period from Sunday through Saturday."). As a consequence, a notice may be regarded as "published once each week for two successive weeks" only if it is duly advertised between Sunday and Saturday of one calendar week and again between Sunday and Saturday of the following calendar week.

In the present land use appeal, Ransom scheduled its public hearing pursuant to 53 P.S. §10608 for Tuesday, July 11, 2000. However, the public notice of that hearing was published twice during the *same* calendar week on Monday, June 26, 2000, and Saturday, July 1, 2000. By virtue of the fact that those advertisements appeared twice in *The Scranton Times* during a single calendar week, public notice was not published "once each for two successive weeks" as required by 53 P.S. §§10107 and 10608.

The Supreme Court of Pennsylvania has consistently held that "the procedures established by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid." *Lower Gwynedd Township v. Gwynedd Properties Inc.*, 527 Pa. 324, 327, 591 A.2d 285, 287 (1991) (citing *West Conshohocken Borough Appeal*, 405 Pa. 150, 173 A.2d 461 (1961)). For that reason, the notice and publication requirements for the adoption of ordinances have been characterized as "mandatory and non-waivable," *Cranberry Park Associates, supra* at 461, 751 A.2d at 168, and if a township does not comply with the public notice requirements of the MPC in scheduling a public hearing, "then the appropriate zoning enactment is made null and void." *Valianatos,* 766 A.2d at 905. As the Supreme Court has clearly stated:

"The right of the public to participate in the enactment of municipal ordinances requires that municipalities strictly follow the prescribed notice procedures in order to validate any ensuing legislation.

"The precedents of this court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void." *Lower Gwynedd Township, supra* at 329, 591 A.2d at 287-88; *Tinicum Township v. Tinicum Township Zoning Hearing Board,* 154 Pa. Commw. 476, 483, 624 A.2d 232, 236 (1993).

The ZHB and Alliance do not dispute the fact that Ransom failed to strictly comply with the public notice mandates of the MPC when it advertised the public hearing twice during the same calendar week. Nevertheless, they submit that Ransom substantially complied with the

MPC's notice requirements and that any advertisement deficiencies were harmless since the appellants subsequently attended the special meeting on July 25, 2000, at which time the ordinance was enacted. The propositions advocated by the ZHB and Alliance overlook the fact that "[t]he Supreme Court [has] expressly rejected the argument that substantial compliance with the publication notice provisions is sufficient." *Tinicum Township, supra* at 482, 624 A.2d at 235. Rather, "[t]hese requirements are strictly applied and mere substantial compliance of the publication and notice provisions is not sufficient." *Valianatos,* 766 A.2d at 905.

The "harmless error" argument advanced by the ZHB and Alliance likewise lacks merit. It is well-settled that "[i]f a published notice fails to satisfy the statutory requirements, the fact that members of the public, or even the appellants themselves, appeared at the hearing does not breathe life into an otherwise void ordinance." *Lower Gwynedd Township, supra* at 329, 591 A.2d at 287. The statutory notice provisions governing the enactment of ordinances "are designed to protect public interests, not private ones, hence there is no duty on one raising a challenge on this basis to show prejudice." *Tinicum Township, supra* at 482, 624 A.2d at 235. Hence, any contention that Rev. Davis must demonstrate prejudice to succeed with her effort to invalidate the 2000 ordinance as violative of 53 P.S. § 10608 is wholly unsupported by Pennsylvania case law.

Inasmuch as Ransom failed to comply with the mandatory public notice requirements of section 608 in advertising the public hearing on July 11, 2000, the new zoning ordinance which was enacted on July 25, 2000,

must be declared null and void. Such a conclusion may appear somewhat harsh to Ransom since the 2000 ordinance would have been deemed validly enacted if the second notice had simply been advertised one day later on Sunday, July 2, 2000. However, the appellate courts of this Commonwealth have uniformly held that the public notice requirements of the MPC are mandatory and that an ordinance which is adopted without strict adherence to those provisions must be declared void ab initio. See *Valianatos,* 766 A.2d at 906 (affirming nullification of zoning ordinance even though the "publication was a good faith effort by the township to comply with the relevant notice provisions in the MPC" and the Commonwealth Court agreed that stringent application of the MPC's public notice language was "splitting hairs").

Accordingly, the zoning ordinance which was enacted by Ransom on July 25, 2000, must be invalidated for failure to comply with the public notice mandate of 53 P.S. §§10107 and 10608.[5] The 2000 ordinance not only adopted a new zoning code for Ransom, but also repealed its earlier zoning law which had been enacted on February 5, 1990. Since the 2000 ordinance is null and void,

---

5. In light of the grant of Rev. Davis' first objection predicated upon section 608 of the MPC, it is unnecessary to consider the remaining four issues which she has presented for review. At the time of oral argument, the ZHB indicated that if the 2000 ordinance were to be declared void ab initio by the court, Ransom would respond by simply reenacting the same zoning legislation after the appropriate hearings and meetings had been conducted and the requisite notices and publications had been furnished. In that event, and in order to stave off another successful legal challenge by the appellants, it would be prudent for Ransom to err on the side of caution by addressing the procedural infirmities asserted by the appellants in this appeal when Ransom considers and enacts its new zoning ordinance.

its concomitant repeal of the 1990 zoning ordinance is likewise invalid. *Mazurek v. Farmers Mutual Fire Insurance Co. of Jamestown,* 320 Pa. 33, 38, 181 A. 570, 573 (1935) (repeal of prior law is ineffective if the legislation in which it is contained is declared void); *Policichio v. Zoning Hearing Board of Borough of Throop,* 100 Lacka. Jur. 350, 356 (1999) (invalidation of 1994 zoning ordinance also nullified its repeal of 1986 zoning code). Consequently, until such time as Ransom has properly published, advertised and enacted a new zoning ordinance in compliance with the provisions of the MPC, the zoning code which was adopted by Ransom on February 5, 1990, shall govern all zoning matters in Ransom.

## ORDER

And now, September 24, 2001, upon consideration of the land use appeal of appellant, Susan Davis, the memoranda of law submitted by the parties, and the oral argument of counsel on September 11, 2001, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) The procedural challenge asserted by appellant, Susan Davis, pursuant to section 608 of the Municipalities Planning Code, 53 P.S. §10608, is granted;

(2) In light of the failure of Ransom Township to provide appropriate public notice of its public hearing on July 11, 2000, in accordance with 53 P.S. §§10107 and 10608, the zoning ordinance (no. 2000-3) enacted by Ransom Township on July 25, 2000, is declared null and void ab initio;

(3) Since the zoning ordinance which was adopted by Ransom Township on July 25, 2000, is null and void ab initio, its repeal of the prior zoning code which had been enacted by Ransom Township on February 5, 1990, is likewise void and ineffective; and

(4) Until such time as Ransom Township enacts a new zoning ordinance in compliance with the provisions of the Municipalities Planning Code, 53 P.S. §§10101-11202, the enforceable zoning law in Ransom Township will be the zoning ordinance that was adopted by Ransom Township on February 5, 1990.